UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADIA ELETRIBI,

Plaintiff,

vs.

REVIVE ORGANICS, INC., d/b/a REVIVE SUPERFOODS and MISKI ORGANICS SUPERFOODS, INC.

Defendants

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Case No. 22-cv-4362 (PKC) (SJB)

Defendant, MISKI ORGANICS SUPERFOODS, INC. ("Miski"), by and through its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, answers Plaintiff's First Amended Complaint.

**PARTIES**

1.1 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.1 of Plaintiff's First Amended Complaint.

1.2 Miski denies the allegations in paragraph 1.2 of Plaintiff's First Amended Complaint.

1.3 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.3 of Plaintiff's First Amended Complaint.

1.4 Miski denies the allegations in paragraph 1.4 of Plaintiff's First Amended Complaint.

1.5 Miski admits the allegations in paragraph 1.5 of Plaintiff's First Amended Complaint.

1.6 Miski admits it is a family owned Canadian company with Peruvian roots and that it provides nutrient rich, organic, non-GMO, gluten free products but denies the remaining allegations in paragraph 1.6 of Plaintiff's First Amended Complaint.

1.7 Miski denies the allegations in paragraph 1.7 of Plaintiff's First Amended Complaint.

1.8 Miski denies the allegations in paragraph 1.8 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

2.1 The allegations in paragraph 2.1 of Plaintiff's First Amended Complaint are conclusions of law to which no answer is required.

2.2 The allegations in paragraph 2.2 of Plaintiff's First Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, those allegations are denied.

## GENERAL ALLEGATIONS

3.1 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.1 of Plaintiff's First Amended Complaint.

3.2 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.2 of Plaintiff's First Amended Complaint.

3.3 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.3 of Plaintiff's Frist Amended Complaint.

3.4 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.4 of Plaintiff's First Amended Complaint.

3.5 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.5 of Plaintiff's First Amended Complaint.

3.6 Miski denies the allegations in paragraph 3.6 of Plaintiff's First Amended Complaint.

3.7 Miski denies the allegations in paragraph 3.7 of Plaintiff's First Amended Complaint.

3.8 Miski denies the allegations in paragraph 3.8 of Plaintiff's First Amended Complaint.

3.9 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.9 of Plaintiff's First Amended Complaint.

3.10 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.10 of Plaintiff's First Amended Complaint.

3.11 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.11 of Plaintiff's First Amended Complaint.

3.12 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.12 of Plaintiff's First Amended Complaint.

3.13 Miski denies Revive Organics, Inc.'s ("Revive") Pineapple and Mango Smoothie caused any illnesses, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.13 of Plaintiff's First Amended Complaint.

3.14 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.14 of Plaintiff's First Amended Complaint.

3.15 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.15 of Plaintiff's First Amended Complaint.

3.16 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.16 of Plaintiff's First Amended Complaint.

3.17 Miski denies the allegations in paragraph 3.17 of Plaintiff's First Amended Complaint.

## **The Plaintiff's Illness**

4.1 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.1 of Plaintiff's First Amended Complaint.

4.2 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.2 of Plaintiff's First Amended Complaint.

4.3 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.3 of Plaintiff's First Amended Complaint.

4.4 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.4 of Plaintiff's First Amended Complaint.

4.5 Miski lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.5 of Plaintiff's First Amended Complaint.

4.6 Miski denies the allegations in paragraph 4.6 of Plaintiff's First Amended Complaint.

## CAUSES OF ACTION

### COUNT I

5.1 Miski incorporates by reference its responses to paragraphs 1.1 through 4.6 of Plaintiff's First Amended Complaint, as if fully set forth herein.

5.2 Miski denies the allegations in paragraph 5.2 of Plaintiff's First Amended Complaint.

5.3 Miski denies the allegations in paragraph 5.3 of Plaintiff's First Amended Complaint.

5.4 Miski denies the allegations in paragraph 5.4 of Plaintiff's First Amended Complaint.

5.5 Miski denies the allegations in paragraph 5.5 of Plaintiff's First Amended Complaint.

5.6 Miski denies the allegations in paragraph 5.6 of Plaintiff's First Amended Complaint.

5.7 Miski denies the allegations in paragraph 5.7 of Plaintiff's First Amended Complaint.

### COUNT II

5.8 Miski incorporates by reference its responses to paragraphs 1.1 through 5.7 of Plaintiff's First Amended Complaint, as if fully set forth herein.

5.9 Miski denies the allegations in paragraph 5.9 of Plaintiff's First Amended Complaint.

5.10 Miski denies the allegations in paragraph 5.10 of Plaintiff's First Amended Complaint.

5.11 Miski denies the allegations in paragraph 5.11 of Plaintiff's First Amended Complaint.

5.12 Miski denies the allegations in paragraph 5.12 of Plaintiff's First Amended Complaint.

## COUNT III

5.13 Miski incorporates by reference its responses to paragraphs 1.1 through 5.12 of Plaintiff's First Amended Complaint, as if fully set forth herein.

5.14 Miski denies the allegations in paragraph 5.14 of Plaintiff's First Amended Complaint.

5.15 Miski denies the allegations in paragraph 5.15 of Plaintiff's First Amended Complaint.

5.16 Miski denies the allegations in paragraph 5.16 of Plaintiff's First Amended Complaint.

5.17 Miski denies the allegations in paragraph 5.17 of Plaintiff's First Amended Complaint.

5.18 Miski denies the allegations in paragraph 5.18 of Plaintiff's First Amended Complaint.

## FOURTH COUNT

5.19 Miski incorporates by reference its responses to paragraphs 1.1 through 5.18 of Plaintiff's First Amended Complaint, as if fully set forth herein.

5.20 Miski denies the allegations in paragraph 5.20 of Plaintiff's First Amended Complaint.

5.21 Miski denies the allegations in paragraph 5.21 of Plaintiff's First Amended Complaint.

5.22 Miski denies the allegations in paragraph 5.22 of Plaintiff's First Amended Complaint.

## DAMAGES

6.1 Miski denies the allegations in paragraph 6.1 of Plaintiff's First Amended Complaint.

## JURY DEMAND

7.1 The statement in paragraph 7.1 of Plaintiff's First Amended Complaint contains a conclusion of law for which no answer is required.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, Miski states as follows:

### First Affirmative Defense

Miski reserves the right to claim the limitations of liability provided pursuant to General Obligations Law §15-108 and Article 16 of New York's Civil Practice Law and Rules ("CPLR").

### Second Affirmative Defense

To the extent that Plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitative services, and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, the Patient Protection and Affordable Care Act, Social Security payments, or other such programs, in accordance with the provisions of CPLR §4545.

### Third Affirmative Defense

The First Amended Complaint and each count thereof fails to state a claim upon which relief may be granted against Miski as Miski neither had nor breached any duty of care to Plaintiff. Miski's duty of care was limited to its contractual obligations with Revive, which Miski did not breach.

### Fourth Affirmative Defense

Plaintiff's claims against Miski should be dismissed because there is no privity between Plaintiff and Miski.

### Fifth Affirmative Defense

Miski denies each and every allegation of the Complaint not otherwise expressly admitted, above, and demands strict proof thereof.

**Sixth Affirmative Defense**

Plaintiff's claims separately and severally, are barred by the doctrines of laches, estoppel, and waiver.

**Seventh Affirmative Defense**

Plaintiff's alleged injuries and damages, if any, were not the result of any action or omission on the part of Miski but rather by reason of an idiosyncratic nature, other reaction, or Plaintiff's pre-existing and/or subsequent conditions, disease, or disabilities, over and of which Miski had no knowledge or control.

**Eighth Affirmative Defense**

This lawsuit is barred by preemption of Plaintiff's claims under federal law, regulations, statutes, or agency action because the food product at issue was in compliance with all federal, legislative, regulatory, and administrative standards and requirements relating to the product. This lawsuit is also barred, in whole or in part, by the deference given to the primary jurisdiction of the FDA over the subject product under applicable federal laws, rules, and regulations.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the alleged product complied with all applicable laws and regulations to which the product was in any way subject.

**Tenth Affirmative Defense**

Plaintiff's claims are barred because the tara provided by Miski was fit for its ordinary and intended purposes.

**Eleventh Affirmative Defense**

If any product provided by Miski was involved as alleged, the use of such product was not proper, was not in accordance with the procedures provided, including procedures associated with the preparation of the product, and therefore the product was altered and/or misused by a party outside the control of Miski.

**Twelfth Affirmative Defense**

If Plaintiff should prove that she sustained injuries, such injuries resulted from acts or omissions on the part of third parties over whom Miski had neither control nor right of control and any such liability of Miski, which is denied, should be reduced by the percentage of fault of these third parties.

**Thirteenth Affirmative Defense**

Plaintiff's failed to join an indispensable party pursuant to Federal Rule of Civil Procedure 19.

**Fourteenth Affirmative Defense**

Plaintiff's alleged injuries were caused, in whole or part, by her own negligence.

**Fifteenth Affirmative Defense**

The alleged injuries and damages of Plaintiff are the sole and proximate consequence of misuse, abnormal use, or improper use of the product referred to in Plaintiff's Complaint. Miski was not the proximate cause of Plaintiff's alleged injuries.

**Sixteenth Affirmative Defense**

Plaintiff's claims may be barred by res judicata, release, limitations of express and/or implied warranties, and/or accord and satisfaction.

**Seventeenth Affirmative Defense**

Plaintiff failed to mitigate her alleged damages.

**Eighteenth Affirmative Defense**

Plaintiff's claims against Miski should be dismissed as they are intertwined with the claims against Revive and thus are subject to the arbitration agreement contained in Revive's Terms of Use.

**Nineteenth Affirmative Defense**

If Plaintiff should prove that she sustained injuries, such injuries resulted from superseding and intervening causes over which Miski lacked any control.

**Twentieth Affirmative Defense**

This case should be dismissed or transferred as the current forum is an improper venue or inconvenient venue in which to try this case.

**Twenty-first Affirmative Defense**

This Court lacks jurisdiction over the person of Miski, and for this reason, the Complaint should be dismissed as to Miski.

**Twenty-Second Affirmative Defense**

The claims against Miski are barred because the alleged defect in the product was unknown and could not reasonably be discerned by Miski.

**Twenty-Third Affirmative Defense**

The claims against Miski are barred because any warning to be provided in connection with the product was to be made by a responsible intermediary who is the distributor of that product, and not Miski.

**Twenty-Fourth Affirmative Defense**

The claims against Miski are barred because Plaintiff has not and cannot exclude alternative reasonable causes of Plaintiff's alleged injury.

**Twenty-Fifth Affirmative Defense**

Miski reserves the right to assert additional affirmative defenses that may arise through facts determined during the course of additional investigation and discovery.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST REVIVE ORGANIC SUPERFOODS, INC., MISKI ALLEGES THE FOLLOWING**

1. Miski repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the negligence, carelessness, recklessness and/or violations of law of the above-named parties, there being no active or primary wrongdoing on the part of Miski contributing thereto.

3. By reason of the foregoing, Miski is entitled to full indemnity pursuant to express and implied contractual agreements as well as the common law and for judgment over and against Revive for all of any verdict or judgment entered against Miski, together with the attorneys' fees and expenses incurred by Miski.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST REVIVE ORGANIC SUPERFOODS, INC. MISKI ALLEGES THE FOLLOWING**

1. Miski repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries were caused in whole or in part by reason of the negligence, carelessness,

recklessness and/or violations of law of the above-named parties, without any wrongdoing on the part of Miski contributing thereto.

3. That in the event any judgment or verdict is recovered against Miski, Miski is entitled to contribution pursuant to contractual agreements as well as the common law from Revive to the proportionate share of responsibility as is adjudged among all Defendants herein.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Miski respectfully requests that this Court dismiss this action as to Miski and grant Miski any such other and further relief as this Court deems just and equitable.

Dated: White Plains, New York
January 31, 2023

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: Mathew Ross

Mathew P. Ross, Esq.
Attorneys for Defendants
Miski Organics Superfoods, Inc.
1133 Westchester Ave.
White Plains, New York 10604-3407
Tel: (914) 872-7338
E-mail: Mathew.ross@wilsonelser.com
File No.: 11380.00423

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will provide notification to the following counsel of record:

*Counsel for Plaintiff*
Paul V. Nunes
Heisman Nunes & Hull LLP
69 Cascade Dr., Suite 102
Rochester, New York 14614
Telephone: (585) 270 - 6922
pnunes@hnhattorneys.com

and

William D. Marler
Marler Clark, LLP
The Standard Building
1012 1st Avenue, Fifth Floor
Seattle, Washington 98104
Telephone: (206) 346 – 1888
bmarler@marlerclark.com

*Counsel for Co-Defendant, Revive Organics, Inc. d/b/a Revive Superfoods*
Joel M. Maxwell
Cozen O'Connor
3 WTC/175 Greenwich Street, 55th Floor
New York, New York 10007
Telephone: (212) 908-1359
jmaxwell@cozen.com

Mathew Ross
Mathew P. Ross, Esq.