UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADIA ELETRIBI,

Plaintiff,

vs.

REVIVE ORGANICS, INC., d/b/a REVIVE SUPERFOODS and MISKI ORGANICS SUPERFOODS, INC.

Defendants

**ANSWER AND AFFIRMATIVE DEFENSES TO REVIVE ORGANICS, INC. CROSSCLAIM**

Case No. 22-cv-4362 (PKC) (SJB)

Defendant, MISKI ORGANICS SUPERFOODS, INC. ("Miski"), by and through its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, answers the cross-claim asserted by Revive Organics, Inc. d/b/a Revive Superfoods ("Revive") as follows:

## **ANSWER TO REVIVE'S FIRST CROSS-CLAIM**

1. Miski incorporates by reference its responses to paragraphs 1.1 through 7.1 of its Answer to Plaintiff's First Amended Complaint, as fully set forth herein.

2. Miski denies the allegations in the single paragraph of Revive's cross-claim.

## **AFFIRMATIVE DEFENSES**

For further answer, and by way of affirmative defenses, Miski states as follows:

### **First Affirmative Defense**

Miski reserves the right to claim the limitations of liability provided pursuant to General Obligations Law §15-108 and Article 16 of New York's Civil Practice Law and Rules ("CPLR").

### **Second Affirmative Defense**

To the extent that Plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitative services, and/or other economic loss, the amount of the award shall

be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, the Patient Protection and Affordable Care Act, Social Security payments, or other such programs, in accordance with the provisions of CPLR §4545.

**Third Affirmative Defense**

The First Amended Complaint and each count thereof fails to state a claim upon which relief may be granted against Miski as Miski neither had nor breached any duty of care to Plaintiff. Miski's duty of care was limited to its contractual obligations with Revive, which Miski did not breach.

**Fourth Affirmative Defense**

Plaintiff's claims against Miski should be dismissed because there is no privity between Plaintiff and Miski.

**Fifth Affirmative Defense**

Miski denies each and every allegation of the Complaint not otherwise expressly admitted, above, and demands strict proof thereof.

**Sixth Affirmative Defense**

Plaintiff's claims separately and severally, are barred by the doctrines of laches, estoppel, and waiver.

**Seventh Affirmative Defense**

Plaintiff's alleged injuries and damages, if any, were not the result of any action or omission on the part of Miski but rather by reason of an idiosyncratic nature, other reaction, or Plaintiff's pre-existing and/or subsequent conditions, disease, or disabilities, over and of which Miski had no knowledge or control.

**Eighth Affirmative Defense**

This lawsuit is barred by preemption of Plaintiff's claims under federal law, regulations, statutes, or agency action because the food product at issue was in compliance with all federal, legislative, regulatory, and administrative standards and requirements relating to the product. This lawsuit is also barred, in whole or in part, by the deference given to the primary jurisdiction of the FDA over the subject product under applicable federal laws, rules, and regulations.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the alleged product complied with all applicable laws and regulations to which the product was in any way subject.

**Tenth Affirmative Defense**

Plaintiff's claims are barred because the tara provided by Miski was fit for its ordinary and intended purposes.

**Eleventh Affirmative Defense**

If any product provided by Miski was involved as alleged, the use of such product was not proper, was not in accordance with the procedures provided, including procedures associated with the preparation of the product, and therefore the product was altered and/or misused by a party outside the control of Miski.

**Twelfth Affirmative Defense**

If Plaintiff should prove that she sustained injuries, such injuries resulted from acts or omissions on the part of third parties over whom Miski had neither control nor right of control and any such liability of Miski, which is denied, should be reduced by the percentage of fault of these third parties.

**Thirteenth Affirmative Defense**

Plaintiff's failed to join an indispensable party pursuant to Federal Rule of Civil Procedure 19.

**Fourteenth Affirmative Defense**

Plaintiff's alleged injuries were caused, in whole or part, by her own negligence.

**Fifteenth Affirmative Defense**

The alleged injuries and damages of Plaintiff are the sole and proximate consequence of misuse, abnormal use, or improper use of the product referred to in Plaintiff's Complaint. Miski was not the proximate cause of Plaintiff's alleged injuries.

**Sixteenth Affirmative Defense**

Plaintiff's claims may be barred by res judicata, release, limitations of express and/or implied warranties, and/or accord and satisfaction.

**Seventeenth Affirmative Defense**

Plaintiff failed to mitigate her alleged damages.

**Eighteenth Affirmative Defense**

Plaintiff's claims against Miski should be dismissed as they are intertwined with the claims against Revive and thus are subject to the arbitration agreement contained in Revive's Terms of Use.

**Nineteenth Affirmative Defense**

If Plaintiff should prove that she sustained injuries, such injuries resulted from superseding and intervening causes over which Miski lacked any control.

**Twentieth Affirmative Defense**

This case should be dismissed or transferred as the current forum is an improper venue or inconvenient venue in which to try this case.

**Twenty-first Affirmative Defense**

This Court lacks jurisdiction over the person of Miski, and for this reason, the Complaint should be dismissed as to Miski.

**Twenty-Second Affirmative Defense**

The claims against Miski are barred because the alleged defect in the product was unknown and could not reasonably be discerned by Miski.

**Twenty-Third Affirmative Defense**

The claims against Miski are barred because any warning to be provided in connection with the product was to be made by a responsible intermediary who is the distributor of that product, and not Miski.

**Twenty-Fourth Affirmative Defense**

The claims against Miski are barred because Plaintiff has not and cannot exclude alternative reasonable causes of Plaintiff's alleged injury.

**Twenty-Fifth Affirmative Defense**

Miski reserves the right to assert additional affirmative defenses that may arise through facts determined during the course of additional investigation and discovery.

**WHEREFORE**, having fully answered Revive's cross-claim, Miski respectfully requests that this Court dismiss this action as to Miski and grant Miski any such other and further relief as this Court deems just and equitable.

Dated: White Plains, New York
January 31, 2023

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: Mathew Ross

Mathew P. Ross, Esq.
Attorneys for Defendants
Miski Organics Superfoods, Inc.
1133 Westchester Ave.
White Plains, New York 10604-3407
Tel: (914) 872-7338
E-mail: Mathew.ross@wilsonelser.com
File No.: 11380.00423

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will provide notification to the following counsel of record:

*Counsel for Plaintiff*
Paul V. Nunes
Heisman Nunes & Hull LLP
69 Cascade Dr., Suite 102
Rochester, New York 14614
Telephone: (585) 270 - 6922
pnunes@hnhattorneys.com

and

William D. Marler
Marler Clark, LLP
The Standard Building
1012 1st Avenue, Fifth Floor
Seattle, Washington 98104
Telephone: (206) 346 – 1888
bmarler@marlerclark.com

*Counsel for Co-Defendant, Revive Organics, Inc. d/b/a Revive Superfoods*
Joel M. Maxwell
Cozen O'Connor
3 WTC/175 Greenwich Street, 55th Floor
New York, New York 10007
Telephone: (212) 908-1359
jmaxwell@cozen.com

Mathew Ross

Mathew P. Ross, Esq.