UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
NADIA ELETRIBI, individually and on behalf of her
minor son, Z.G.

                Plaintiff,

vs.

REVIVE ORGANICS, INC., d/b/a Revive Superfoods,
and MISKI ORGANICS SUPERFOODS, INC.,

                Defendants,
-------------------------------------------------------------------x

Civil Action No.:
1:22-cv-04362-PKC-SJB

**REVIVE ORGANICS, INC.
ANSWER TO SECOND
AMENDED COMPLAINT**

**PLEASE TAKE NOTICE**, that Defendant, REVIVE ORGANICS, INC., (hereinafter referred to as "Defendant") by and through its attorneys, COZEN O'CONNOR, hereby Answers the Second Amended Complaint ("SAC") as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.1".

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.2".

3. Defendant denies the allegations contained in paragraph "1.3".

4. Defendant admits the allegations contained within paragraph "1.4".

5. Defendant denies the allegations contained in paragraph "1.5," except admits that it developed the recipe for Defendant's Mango & Pineapple Smoothie. All allegations not expressly admitted are hereby denied.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.6".

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.7".

8. Defendant denies that portion of paragraph "1.8" alleging that the subject smoothies were toxic, adulterated and/or contaminated or contained a toxic, adulterated and/or contaminated ingredient, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within this paragraph. All allegations not expressly admitted are hereby denied.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.9".

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.10".

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.11".

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.12".

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.13".

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1.14" and respectfully refers all questions of law raised there to the trial court.

## JURISDICTION AND VENUE

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2.1" and respectfully refers all questions of law raised therein to the trial court.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2.2" and respectfully refers all questions of law raised therein to the trial court.

## **FACTUAL BACKGROUND**

17. Defendant admits that portion of paragraph "3.1" that it was founded in 2018, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "3.1". All allegations not expressly admitted are hereby denied.

18. Defendant admits the allegations contained within paragraph "3.2".

19. Defendant admits the allegations contained within paragraph "3.3".

20. Defendant admits the allegations contained within paragraph "3.4".

21. Defendant admits the allegations contained within paragraph "3.5".

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.6".

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.7".

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.8".

25. Defendant admits the allegations contained within paragraph "3.9".

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.10".

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.11".

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.12".

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.13".

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3.14".

31. Defendant admits the allegations contained in paragraph "3.15".

32. Defendant denies the allegations contained within paragraph "3.16," including but limited to the claim that its Pineapple & Mango Smoothies were contaminated, except it admits that it discontinued the sale of such smoothies. All allegations not expressly admitted are hereby denied.

33. Defendant denies that portion of paragraph "3.17" alleging that the tara-based ingredient used in the subject smoothies was toxic and/or otherwise contaminated, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within this paragraph. All allegations not expressly admitted are hereby denied.

**Plaintiff's Illness**

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.1".

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.2".

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.3".

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.4".

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.5".

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4.6".

40. Defendant denies the allegations contained in paragraph "4.7".

41. Defendant denies the allegations contained in paragraph "4.8".

## CAUSE OF ACTION
### Strict Liability – Count 1

42. In response to paragraph "5.1", Defendant repeats and re-alleges its responses to paragraphs "1.1" through "4.8" of the SAC as if fully set forth herein.

43. Defendant denies the allegations as stated in paragraph "5.2".

44. Defendant denies the allegations as stated in paragraph "5.3".

45. Defendant denies the allegations as stated in paragraph "5.4".

46. Defendant denies that portion of paragraph "5.5" alleging that Defendant breached a duty of care, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

47. Defendant denies that portion of paragraph "5.6" alleging that Defendant breached a duty of care, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

48. Defendant denies the allegations as stated in paragraph "5.7".

### Breach of Warranty – Count II

49. In response to paragraph "5.8", Defendant repeats and re-alleges its responses to paragraphs "1.1" through "5.7" of the SAC as if fully set forth herein.

50. Defendant denies the allegations as stated in paragraph "5.9" and respectfully refers all questions of law raised therein to the trial court.

51. Defendant denies the allegations as stated in paragraph "5.10" and respectfully refers all questions of law raised therein to the trial court.

52. Defendant denies the allegations as stated in paragraph "5.11" and respectfully refers all questions of law raised therein to the trial court.

53. Defendant denies the allegations as stated in paragraph "5.12".

### Negligence – Count III

54. In response to paragraph "5.13", Defendant repeats and re-alleges its responses to paragraphs "1.1" through "5.12" of the SAC as if fully set forth herein.

55. Defendant denies that portion of paragraph "5.14" alleging that Defendant breached a duty of care and was negligent, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

56. Defendant denies that portion of paragraph "5.15" alleging that Defendant breached a duty of care and was negligent, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

57. Defendant denies that portion of paragraph "5.16" alleging that Defendant breached a duty of care and was negligent, lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

58. Defendant denies that portion of paragraph "5.17" alleging that Defendant breached a duty of care and was negligent, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and respectfully refers all questions of law raised therein to the trial court. All allegations not expressly admitted are hereby denied.

59. Defendant denies the allegations as stated in paragraph "5.18".

### Negligence *Per Se* – Count IV

60. In response to paragraph "5.19", Defendant repeats and re-alleges its responses to paragraphs "1.1" through "5.18" of the SAC as if fully set forth herein.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5.20" and respectfully refers all questions of law raised therein to the trial court.

62. Defendant denies the allegations as stated in paragraph "5.21" and respectfully refers all questions of law raised therein to the trial court.

63. Defendant denies the allegations as stated in paragraph "5.22".

### DAMAGES

64. Defendant denies the allegations as stated in paragraph "6.1".

### JURY DEMAND

65. Defendant also requests a trial by jury on all issues triable by a jury.

**WHEREFORE**, Defendant, REVIVE ORGANICS, INC., hereby demands judgment dismissing the SAC in its entirety, together with fees, costs and disbursements, and for such other and further relief as this Court deems just and proper.

### AS TO ITS AFFIRMATIVE DEFENSES, DEFENDANT PLEADS, UPON INFORMATION AND BELIEF, AS FOLLOWS:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If, in fact, Plaintiff sustained damages as alleged in the SAC, such damages were caused by superseding, intervening causes and not by the conduct of Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That in the event that any judgment or verdict is rendered in favor of Plaintiff, pursuant to CPLR 4545, Defendant is entitled to have such judgment or verdict reduced by the amount of any collateral payments made to Plaintiff and by the amount of all such payments plaintiffs will receive in the future.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If Defendant is found to be liable and its liability is 50% or less of the total liability of all persons liable, its liability as to non-economic loss, if any, shall not exceed its equitable share thereof. Defendant hereby relies upon the limitations set forth in Article 16 of the CPLR.

### AS AND FOR FOURTH AFFIRMATIVE DEFENSE

That if Plaintiff sustained damages as alleged in the SAC, such damages were the result of the culpable conduct, action or inaction, or breach of duty of other persons or entities, being or not being parties to this action, or their servants, agents or employees, over whom Defendant had no control and no duty to control, and Defendant is blameless and free from any and all culpable conduct, negligent acts or breach of duty as to said Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The injuries alleged in the SAC were not caused by the negligence, carelessness, breach of warranty and/or culpable conduct of Defendant, nor were the alleged injuries proximately caused by the acts or omissions of Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, must be diminished or barred insofar as they have failed to mitigate their alleged damages.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief can be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's injuries alleged and damages, all of which are vehemently denied, were the result of her misuse of the product.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' injuries alleged and damages, all of which are vehemently denied, were the result of Plaintiff's modification of the product.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

That if Plaintiffs sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the Defendant was not obligated to exercise supervision and control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

To the extent the damages set forth in SAC could have been wholly or in part avoided by reasonable effort of the Plaintiff, and without undue burden, risk or expense, said damages were the result of Plaintiff's failure to mitigate and may not be recovered from this Defendant.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses that may be applicable and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained through discovery and investigation. Defendant also incorporates by reference all affirmative defenses asserted by other parties to this litigation.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS A CROSS-CLAIM AGAINST MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC, DEFENDANT, REVIVE SUPERFOODS, INC., FOR EQUITABLE INDEMNIFICATION AND CONTRIBUTION PLEADS, UPON INFORMATION AND BELIEF, AS FOLLOWS:**

1. Defendant, REVIVE SUPERFOODS, INC., asserts that it is entitled to be indemnified and held harmless from all loss or liability, including attorneys' fees and defense cost arising from the instant litigation, by Defendants, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC, pursuant to express and implied contractual agreements and pursuant to common law, and further states that its tortious wrongdoing, if any, was secondary, imputed and vicarious, and that the wrongdoing, if any, of MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC, were the primary, active and direct cause of the damages alleged by Plaintiffs. REVIVE SUPERFOODS, INC., further demands contribution against Defendants, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC, whose negligence caused or contributed to the damages alleged by Plaintiffs, together with costs, interest, and attorneys' fees. REVIVE SUPERFOODS, INC., demands judgement against Defendants, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC.

**WHEREFORE**, Defendant, REVIVE SUPERFOODS, INC., respectfully requests the following:

1) That judgement be rendered in its favor of Defendant, REVIVE SUPERFOODS, INC., and against Defendants, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, AND MOLINOS ASOCIADOS SAC;

2) That Defendant REVIVE SUPERFOODS, INC., be awarded its costs, disbursements, and reasonable attorney fees;

3) That Defendant REVIVE SUPERFOODS, INC., be awarded such other and further relief as the court deems just and equitable.

Dated: March 20, 2023
New York, New York

                                              **COZEN O'CONNOR**

By:   /s/ Joel M. Maxwell
       Joel M. Maxwell
       *Attorney for Defendant*
       REVIVE ORGANICS, INC.,
       3 WTC/175 Greenwich Street, 55th Floor
       New York, New York 10007
       (212) 908-1359