BOND SCHOENECK & KING

Westchester Office: 10 Bank Street, Suite 1120 | White Plains, NY 10606 | **bsk.com**
New York City Office: 600 Third Avenue, 22nd Floor | New York, NY 10016-1915

**MICHAEL P. COLLINS, ESQ.**
mcollins@bsk.com
P: 914.306.7870
F: 646.253.2368

June 28, 2023

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Nadia Eletribi, individually and on behalf of her minor son, Z.G. v. Revive Organics, Inc, et al.; 1:22-cv-04362-PKC-SJB*

Dear Judge Chen:

We are counsel to Molinos Asociados SAC ("Molinos"), a closely held company based in the nation of Peru, that is named as a defendant in this case. We write to request a pre-motion conference pursuant to Section 3.A. of Your Honor's Individual Practices and Rules. By Order dated May 24, 2023, Molinos' time to respond to the Complaint extends through June 28, 2023.

Molinos seeks approval to file a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2). The Second Amended Complaint ("SAC") alleges that plaintiff became ill after ingesting Revive Superfood's Mango & Pineapple Smoothies in February, March, and May of 2022. SAC ¶¶ 4.1 to 4.8. Plaintiff claims that a product manufactured by Molinos in Peru (tara flour) was the "original source of illness" in another case involving another product sold by a different food company, Daily Harvest, which also allegedly contained tara flour.[1] SAC ¶ 3.17. While the SAC suggests that the tara flour contained in Revive Superfood's Mango & Pineapple Smoothies caused plaintiff's illness, the SAC does not make an affirmative allegation to that effect. The absence of such a direct allegation stems, we believe, from the complete lack of any scientific evidence linking tara flour to any illnesses.

More critical here as concerns Molinos' anticipated motion is the complete absence of any allegations that Molinos took any actions in New York or purposefully directed its activities at New York in a manner that would subject it to personal jurisdiction in this forum. The absence of such allegations is not surprising given that Molinos has no offices,

[1] Claims against Molinos related to Daily Harvest have been brought in the Southern District of New York. *Albright v. Daily Harvest*, No. 22-CV-05987 (DLC). Molinos is filing a motion to dismiss that action for lack of personal jurisdiction today.

agents or employees in New York or anywhere else in the United States, does not regularly conduct business in New York, has no distributors in New York and is not registered or qualified to do business in New York. Molinos also does not maintain any bank accounts, personal property or real property in New York, does not actively advertise or solicit any sales to persons located in New York and does not pay taxes in New York.

The SAC alleges (upon information and belief) that Molinos sold tara flower to another Peruvian company, defendant Peruvian Nature S&S in Peru (SAC ¶¶ 1.10, 1.13), which, in turn, sold it to Miski Organic Super Foods, a Canadian company based in Barrie, Ontario (SAC ¶¶ 1.6, 1.13). Miski is alleged to have sold the product to Revive Organics, another Canadian Company, based in Oakville, Ontario (SAC ¶¶ 1.4, 1.8). Revive allegedly used tara flour as one of the ingredients in a smoothie that is alleged to have caused injury (SAC ¶¶ 1.3, 1.5, 1.8). The SAC does make allegations against the other defendants concerning their intended or expected contacts with New York State, but no such allegations are made against Molinos.[2]

In a diversity case such as this one, "a district court first looks to the law of the state in which it sits to determine whether it has jurisdiction over a foreign defendant." *Lombardi v. Staples, Inc*., No. 15-cv-6158, 2016 WL 11509961 at *3 (E.D.N.Y. Dec. 15, 2016) (citations omitted). This court must thus determine whether Molinos is subject to jurisdiction under either New York State's general jurisdiction statute (C.P.L.R. § 301) or its long-arm statute (C.P.L.R. §302). *Id.* If jurisdiction is found permissible under either statute, the district court must then determine whether the "assertion of jurisdiction comports with federal due process guarantees." *Id.* (citations omitted). Here, there is no basis for the assertion of jurisdiction under either CPLR §301 or 302. However, even if there was, Molinos contacts with New York State are so remote, attenuated and incidental that hailing it into court in New York would offend traditional notions of fairness and due process.

Based on Molinos' lack of presence in the State, it is not "at home" in New York and it is thus not subject to general jurisdiction there. General jurisdiction is only permissible in a forum where a corporation can be deemed to be "at home." *Boris v. Atrium Medical Corp.*, 2020 WL 589440 at *2 (S.D.N.Y. Feb. 6, 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S. Ct. 746, 761 (2014). Other than under exceptional circumstances, "a corporation is at home . . . only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am. Inc., v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 134 S. Ct. at 761, n.19). As Molinos was organized in Peru, which is also its principal place of business, general jurisdiction cannot be asserted here.

[2] We note this distinction solely to contrast the allegations directed at Molinos as compared to the other defendants, not to suggest there is a basis for personal jurisdiction over those other defendants.

Molinos is also not subject to specific jurisdiction under CPLR § 302. The SAC contain none of the specific allegations of the type that courts have found necessary to support a prima facie showing of specific personal jurisdiction under CPLR § 302. *Dental Recycling North America, Inc. v. Stoma Ventures*, LLC, No. 21 Civ. 9147, 2023 WL 3435617, at *2 (S.D.N.Y. May 12, 2023) (citing *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). So sparse are the allegations in the SAC concerning Molinos actions vis-à-vis New York State, it can hardly guess which of the three bases of jurisdiction afforded by CPLR § 302 Plaintiff would contend apply here.

As the allegations of the SAC, even if true, are insufficient to establish specific jurisdiction over Molinos, no prima face showing of personal jurisdiction has been made against Molinos and it is entitled to be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2).

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Michael P. Collins

Michael P. Collins

MPC/dd