Tarter Krinsky & Drogin

Jonathan E. Temchin, Partner
212.216.1139
jtemchin@tarterkrinsky.com

June 29, 2023

**BY ECF**

Hon. Pamela K. Chen, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, New York 11201

**Re:** ***Nadia Eletribi v. Revive Organics, Inc. et al.***
**Case No.: 1:22-cv-04362-PKC-SJB**

Dear Judge Chen:

This office represents Defendant Peruvian Nature S&S SAC ("Defendant") in the above-referenced matter. We write pursuant to Rule 3(A) of your Honor's Individual Practices and Rules to request a pre-motion conference on Defendant's anticipated motion under Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure to dismiss Plaintiff Nadia Eletribi's ("Plaintiff") Second Amended Complaint, dated March 7, 2023 (the "Complaint"), and the cross-claim found in Defendant Revive Organics, Inc.'s ("Revive") Answer to Second Amended Complaint, dated March 20, 2023 (the "Cross-Claim"). The basis for the anticipated motion is set forth herein.

*First*, Plaintiff's service of process on Peruvian Nature is insufficient. Peruvian Nature is organized under the laws of Peru with no business presence in the United States. The United States and Peru "are joint signatories to the Inter-American Convention on Letters Rogatory (the "Convention"), as well as the Additional Protocol to that Convention" (the "IACAP"). *Nuevos Destinos, LLC v. Peck*, Case No.: 3:19-cv-00045, 2019 WL 6481441, at *5 (D.N.D. Dec. 2, 2019). "Generally, the [Convention and IACAP] requires judicial documents to be forwarded to a state party's designated 'Central Authority'." *Moreira v. Ministerio de Economia y Produccion de la Republica Argentina*, No. 10 Civ. 266 (LTS) (KNF), 2011 WL 7555323, at * 3 (S.D.N.Y. Apr. 18, 2011); *In re Graña y Montero S.A.A. Securities Litigation*, Case No.: 17-CV-01105 (LHD) (ST) 2021 WL 4173684, n. 7 (E.D.N.Y. Aug. 13, 2021) (the Convention and IACAP "replaced the traditional letters rogatory process").

Plaintiff did not avail itself of the procedures set forth in the Convention and IACAP to serve Peruvian Nature. The affidavit of service on file with the Court states that Peruvian Nature was served on April 24, 2023 (ECF Dkt. No. 51), ***two days before*** Plaintiff moved for the issuance of letters rogatory (ECF Dkt. No. 45). Moreover, the affidavit of service states that only the "Amended Summons in a Civil Action and Second Amended Complaint for Damages" was served;

there is no indication that any of the materials required by the Convention and IACAP for proper service were served on Peruvian Nature (*see* Article 3 of the IACAP, reprinted following 28 U.S.C. § 1781, requiring, *inter alia*, a translated copy of the Complaint).

The Convention and IACAP do not purport to provide the exclusive method of effecting service, but Plaintiff nevertheless failed to effect proper service under FRCP 4. Because Peruvian Nature is a foreign company organized under Peruvian law, FRCP 4(h)(2) applies to service and states that any corporation, partnership or association "not within any judicial district of the United States" may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." In pertinent part, FRCP 4(f)(2) states that service may be effectuated "(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or … (C)(ii) unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." FRCP 4(f)(3) states that service may be effectuated by "other means not prohibited by international agreement, as the court orders." Here, the affidavit of service confirms that service was ineffective. The Complaint was not processed by a Peruvian court prior to service or delivered to Peruvian Nature with a Spanish translation. The Complaint was not delivered with the letters rogatory issued by this Court, which were issued after the alleged service of process. Plaintiff also did not attempt to serve Peruvian Nature using mail addressed and sent by a Clerk of Court's office. *See, e.g.*, *Nuevos Destinos*, 2019 WL 6481441, at *6 (service under FRCP 4(f)(2)(A), (B) and (C)(ii) were ineffective against the two Peruvian business entities because: (i) a "Peruvian court had not processed the notarized letters the Plaintiffs' employed here, nor were the letters accompanied by Spanish translations of the summons and complaint"; (ii) "the Plaintiffs did not attempt to use letters rogatory under subsection B"; and (iii) ""the Plaintiff did not attempt to serve the Defendants using mail addressed and sent by a Clerk of Court's office"). Accordingly, the Complaint should be dismissed because service of process is insufficient.

*Second*, this Court lacks personal jurisdiction over Peruvian Nature. There is no general jurisdiction over Peruvian Nature because it is not incorporated under the laws of New York and does not have a principal place of business in New York. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (concluding that for corporations "the place of incorporation and principal place of business are paradigm bases for general jurisdiction"). There also is no specific jurisdiction. Under New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") § 302(a), a party may be subject to a New York court's specific jurisdiction if the party: (i) "transact[s] any business within the state or contracts anywhere to supply goods or services in the state"; (ii) "commits a tortious act within the state"; or (iii) "commits a tortious act without the state causing injury to a person or property within the state" and either "regularly does or solicits business" in New York or "expects or should reasonably expect the act to have consequences in" New York.

Peruvian Nature did not enter into any contracts to supply Tara protein powder to any person in New York and has not interacted with any New York person concerning the sale or distribution of New York protein powder. Thus, the only basis to confer specific jurisdiction over Peruvian Nature is if it "expected or should reasonably have expected that [its] action would have consequences in New York" under CPLR § 302(a)(3)(ii).

Peruvian Nature had no reasonable expectation that its Tara protein powder products would be used by New York persons. Peruvian Nature has not entered into any distribution agreement with Defendant Miski Organics Superfoods, Inc. ("Miski")—a Canadian company with no place of business in New York— for the distribution and sale of Tara protein powder that leads to an expectation that the Tara protein powder would be sold to or used by a New York person. Other than threadbare and conclusory statements of jurisdiction that Peruvian Nature attended trade shows in states other than New York, there are no allegations in the Complaint that Peruvian Nature's alleged agreement with Miski somehow would lead Peruvian Nature to conclude that its product would end up in New York. Indeed, the Complaint sets forth no facts that Peruvian Nature engaged in any conduct concerning the sale or distribution of Tara protein powder purposefully directed at New York. Peruvian Nature has no offices in New York, does not pay taxes in New York, does not own property here and has not entered into any distribution agreements with any person located in New York for the sale of Tara protein powder. Peruvian Nature does not have a single contact with New York short of an allegation that the product in question ended up here. New York courts routinely dismiss manufacturer and distributor-defendants for lack of personal jurisdiction on these grounds. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999) ("The reasonable expectation' test … is not satisfied by '[t]he mere likelihood that a product will find its way into the forum state ….'") (quoting *Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd.*, 978 F .Supp. 520, 523 (S.D.N.Y.1997)); *see also Yash Raj Films (USA) Inc. v. Dishant.com LLC*, No. 08—CV—2715 (ENV) (RML), 2009 WL 4891764 (E.D.N.Y. 2009) ([T]he Second Circuit requires "a discernible effort [by the defendant] to directly or indirectly serve the New York market.") (quoting *Kernan*, 175 F.3d at 241). That is because the law is well-settled that the "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed towards the forum state." *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (citation omitted). Any suggestion that Peruvian Nature was generally aware that Miski would sell products containing Tara protein powder to consumers in the United Stated is unavailing because a foreign defendant's contacts "with the forum state, not with the United States as whole, [] are relevant to the personal jurisdiction inquiry." *Reers v. Deutche Bahn AG*, 320 F. Supp. 2d 140, 155 (S.D.N.Y. 2004) ("Conduct directed toward the United States … cannot subject a defendant to personal jurisdiction in a particular state").

Based on the above, Peruvian Nature requests that the Court schedule a pre-motion conference regarding Peruvian Nature's anticipated motion to dismiss.

In closing, we thank the Court for its consideration in this matter.

Respectfully submitted,

Jonathan E. Temchin

cc: All Counsel of Record (By ECF)