UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDRA HOLUP,

Plaintiff,

vs.

REVIVE ORGANICS, INC., d/b/a REVIVE SUPERFOODS, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S& S SAC, and MOLINOS ASOCIADOS SAC

Defendants

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO REVIVE'S CROSS-CLAIMS**

Case No. 22-cv-4362 (PKC) (SJB)

Defendant, MISKI ORGANICS SUPERFOODS, INC. ("Miski"), by and through its attorneys WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, answers the cross-claim asserted by Revive Organics, Inc. d/b/a Revive Superfoods ("Revive") as follows:

## ANSWER TO REVIVE'S CROSS-CLAIM AGAINST MISKI

1. Miski incorporates by reference its responses to paragraphs 1.1 through 7.1 of its Answer to Plaintiff's Complaint (ECF #16), as fully set forth herein, and further denies the allegations in paragraph 1 of Revive's Cross-Claim.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, Miski states as follows:

### First Affirmative Defense

Miski reserves the right to claim the limitations of liability provided pursuant to General Obligations Law §15-108 and Article 16 of New York's Civil Practice Law and Rules ("CPLR").

### Second Affirmative Defense

Revive's Cross-Claim fails to state a claim upon which relief may be granted against Miski as Miski did not breach any duty of care to Revive.

**Third Affirmative Defense**

Revive fails to state a claim against Miski upon which relief can be granted as Miski did not breach any duty to anyone else for which Revive could receive contribution from Miski.

**Fourth Affirmative Defense**

Miski denies each and every allegation of Revive's Cross-Claim not otherwise expressly admitted, above, and demands strict proof thereof.

**Fifth Affirmative Defense**

Revive's claim is preempted by federal law, regulations, statutes, or agency action because the food product at issue was in compliance with all federal, legislative, regulatory, and administrative standards and requirements relating to the product. This lawsuit is also barred, in whole or in part, by the deference given to the primary jurisdiction of the FDA over the subject product under applicable federal laws, rules, and regulations.

**Sixth Affirmative Defense**

Revive's claim is barred, in whole or in part, because the ingredient complied with all applicable laws and regulations to which the product was in any way subject.

**Seventh Affirmative Defense**

Revive's claim against Miski fails in whole or in part because Miski did not know, nor should have known, of the alleged defect in the product that caused Plaintiffs' damages, if any.

**Eighth Affirmative Defense**

Revive's claim against Miski fails in whole or in part because Miski was not in possession of facts from which it could or should have had knowledge of the alleged defect in the product that caused Plaintiffs' damages, if any.

**Ninth Affirmative Defense**

Revive's claim against Miski fails in whole or in part because Miski did not create the alleged defect in the product that caused Plaintiffs' damages, if any.

**Tenth Affirmative Defense**

Revive's claim against Miski is barred to the extent Plaintiffs or the purchaser of the product did not rely upon any express or implied warranties made by Miski.

**Eleventh Affirmative Defense**

Revive's claim against Miski fails in whole or in part because of the intervening and superseding acts of other individuals or entities over whom Miski had no control or right of control.

**Twelfth Affirmative Defense**

Revive's claim against Miski are barred because the damages sustained by Plaintiffs, if any, were not proximately caused by any acts or omissions of Miski.

**Thirteenth Affirmative Defense**

The injuries, damages, and losses alleged by Revive were directly and proximately caused or, in the alternative contributed to, by the acts and/or omissions of Revive, Peruvian Nature S7S SAC, and/or Molinos Asociados SAC, with such negligence serving as a complete and total bar to any recovery herein by Revive, or, in the alternative, such negligence on the part of Revive would serve to reduce, diminish, or mitigate damages otherwise recoverable against Miski.

**Fourteenth Affirmative Defense**

This case should be dismissed or transferred as the current forum is an improper venue or inconvenient venue in which to try this case.

**Fifteenth Affirmative Defense**

This Court lacks jurisdiction over the person of Miski, and for this reason, the Complaint should be dismissed as to Miski.

**Sixteenth Affirmative Defense**

The claims against Miski are barred because any warning to be provided in connection with the product was to be made by a responsible intermediary who is either the manufacturer and/or the distributor of the product, and not Miski.

**Seventeenth Affirmative Defense**

Revive's failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 19.

**Eighteenth Affirmative Defense**

Revive's claim against Miski is barred because Plaintiffs' injuries and damages, if any, were not the result of any action or omission on the part of Miski, but rather by reason of idiosyncratic nature, other reaction, or Plaintiffs' pre-existing and/or subsequent conditions, disease, or disabilities, over and of which Miski had no knowledge or control.

**Nineteenth Affirmative Defense**

Revive's claim against Miski is barred because Miski did not breach its agreement with Revive. As such Miski relies on all defenses and/or other relief allowed under any warranty or contract.

**Twentieth Affirmative Defense**

Revive's claim against Miski is barred, reduced, and/or limited by the doctrines of offset, recoupment, release and/or credit to the extent Revive has or will recover any compensation from

any collateral source. Miski is entitled to all permissible deductions and/or setoffs including all payments made by any collateral source, pursuant to the provisions of CPLR §4545.

**Twenty-First Affirmative Defense**

Miski incorporates by reference any and all applicable defenses asserted by any other party to this action.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST REVIVE ORGANIC SUPERFOODS, INC. ALLEGES THE FOLLOWING**

1. Miski repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the negligence, carelessness, recklessness and/or violations of law of the above-named parties, there being no active or primary wrongdoing on the part of Miski contributing thereto.

3. By reason of the foregoing, Miski is entitled to full indemnity pursuant to express and implied contractual agreements as well as the common law and for judgment over and against Revive, Peruvian Nature S&S SAC, and Molinos Asociados SAC for all of any verdict or judgment entered against Miski, together with the attorneys' fees and expenses incurred by Miski.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST REVIVE ORGANIC SUPERFOODS, INC. ALLEGES THE FOLLOWING**

1. Miski repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2. If and in the event that Plaintiff sustained the injuries and damages complained of, such injuries were caused in whole or in part by reason of the negligence, carelessness,

recklessness and/or violations of law of the above-named parties, without any wrongdoing on the part of Miski contributing thereto.

3. That in the event any judgment or verdict is recovered against Miski, Miski is entitled to contribution pursuant to contractual agreements as well as the common law from Revive. Peruvian Nature S&S SAC, and Molinos Asociados SAC to the proportionate share of responsibility as is adjudged among all Defendants herein.

Dated: White Plains, New York
August 8, 2023

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

BY: *Mathew Ross*

Mathew P. Ross, Esq.
Attorneys for Defendants
Miski Organics Superfoods, Inc.
1133 Westchester Ave.
White Plains, New York 10604-3407
Tel: (914) 872-7338
E-mail: Mathew.ross@wilsonelser.com
File No.: 11380.00423

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically on August 8, 2023, notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Matthew Ross
Matthew Ross, Esq.