UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADIA ELETRIBI, individually and on behalf of her minor son, Z.G.,

Plaintiff,

-against-

REVIVE ORGANICS, INC. d/b/a REVIVE SUPERFOODS, MISKI ORGANICS SUPERFOODS, INC., PERUVIAN NATURE S&S SAC, and MOLINOS ASCOCIADOS SAC,

Defendants.

Civil Action No. 1:22-cv-04362-PKC-SJB

**DEFENDANT PERUVIAN NATURES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND ALL CROSS-CLAIMS**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant Peruvian Nature S&S SAC*
Andrew Krinsky
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Facsimile: (212) 216-8001
Email: akrinsky@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 1

**I.** PLAINTIFF'S SERVICE OF PROCESS IS INSUFFICIENT ..... 1

**II.** THERE IS NO SPECIFIC JURISDICTION OVER PERUVIAN NATURE ..... 2

A. Peruvian Nature did not Transact Business in New York ..... 2

B. There is no Jurisdiction Under CPLR § 302(a)(3)(ii) ..... 6

**III.** THE EXERCISE OF JURISDICTION DOES NOT COMPORT WITH DUE PROCESS ..... 8

**IV.** THERE IS NO BASIS TO CONDUCT JURISDICTIONAL DISCOVERY ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A. W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*,
828 F. Supp. 2d 557 (E.D.N.Y. 2011) ........ 9

*Alan Lupton Assoc. v. Northeast Plastics*,
105 A.D.2d 3 482 N.Y.S.2d 647 (4th Dep't 1984) ........ 6

*Albino v. Global Equipment USA, Ltd.*,
No. 6:14-cv-06519 (MAT), 2018 WL 3537060 (W.D.N.Y. July 23, 2018) ........ 5

*Anderson Dev. Corp. v. Isoreg Corp.*,
154 A.D.2d 859, 546 N.Y.S.2d 720 (3d Dep't 1989) ........ 6

*Baron Philippe de Rothschild, S.A. v. Paramount Distillers*,
923 F. Supp. 433 (S.D.N.Y. 1996) ........ 6

*Battista v. Flexi USA Inc.*,
12-cv-132, 2014 WL 12828973, at *3 (E.D.N.Y. June 30, 2014) ........ 5

*Beacon Enterprises, Inc. v. Menzies*,
715 F.2d 757 (2d Cir. 1983) ........ 4, 5

*Best Van Lines v. Walker*,
490 F.3d 239 (2d Cir. 2007) ........ 3, 8

*Chloe v. Queen Bee*,
616 F.3d 158 (2d Cir. 2010) ........ 6

*EnviroCare Techs. LLC v. Simanovsky*,
No. 11-CV-3458 (JS) (ETB), 2012 WL 2001443 (E.D.N.Y. June 4, 2012) ........ 6

*Gunthorpes v. IM. Group, LLC*,
21-cv-5140 (ARR) (RML), 2023 WL 2607628 (E.D.N.Y. Mar. 23, 2023) ........ 2

*Ikeda v. J Sisters 57, Inc.*,
No. 14-cv-3570 (ER), 2015 WL 4096255 (S.D.N.Y. July 6, 2015) ........ 10

*Ivy Mar Co., Inc. v. C.R. Seasons Ltd.*,
1997 WL 37082 (E.D.N.Y. 1997) ........ 5

*Kernan v. Kurz-Hastings, Inc.*,
175 F.2d 236 (2d Cir. 1999) ........ 7

*Lombardi v. Staples, Inc.*,
15-cv-6158 (SJF) (AKT), 2016 WL 11509961 (E.D.N.Y. Dec. 15, 2016) ........ 7

*McGowan v. Smith*,
52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981)....................4

*Nixon v. Inquisitr Ltd.*,
20-CV-1819 (JS)(SIL), 2021 WL 3667154 (E.D.N.Y. Aug. 17, 2021)....................9

*Paradise Products Corp. v. Allmark Equipment Co., Inc.*,
138 A.D.2d 470, 526 N.Y.S.2d 119 (2d Dep't 1988)....................8

*Reers v. Deutche Bahn AG*,
320 F. Supp. 2d 140 (S.D.N.Y. 2004)....................8

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
450 F.3d 100 (2d Cir. 2006)....................3, 4

*State Farm Fire & Casualty Company v. Swizz Style, Inc.*,
246 F. Supp. 3d 880 (S.D.N.Y. 2017)....................8

*Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors*,
510 F.2d 870 (2d Cir. 1975)....................3

*Stutts v. De Dietrich Grp.*,
465 F. Supp. 2d 156 (E.D.N.Y. 1996)....................9

*Torres v. Monteli Travel, Inc.*,
No. 09-CV-2714, 2011 WL 2670259 (E.D.N.Y. July 7, 2011)....................4

*Wickers v. Sportswear, Inc. v. Gentry Mills, Inc.*,
411 F. Supp. 2d 202 (E.D.N.Y. 2006)....................3

*Ye Olde Time Keepers, Inc. v. C.R. Martin Auctioneers, Inc.*,
2:17-cv-04377, 2018 WL 1832930 (E.D.N.Y. Apr. 17, 2018)....................10

**Other Authorities**

CPLR § 302....................*passim*

FRCP 4....................2

## PRELIMINARY STATEMENT

Plaintiff[1] and Revive spill much ink talking about the Daily Harvest litigation, as though that lawsuit has some bearing on Peruvian Nature. It doesn't. Peruvian Nature has no involvement in that case, there are no claims or allegations against Peruvian Nature and Peruvian Nature is not a party. Plaintiff and Revive's opposition papers are remarkable for the sheer paucity of any allegations connecting Peruvian Nature and New York. The Silva Declaration confirms, and Plaintiff and Revive tacitly concede, that Peruvian Nature has no significant contact with New York that would serve as the basis for jurisdiction. The only shred of evidence presented to this Court connecting Peruvian Nature to New York is a bill of lading for one shipment of tara protein powder from Peruvian Nature to Miski in Canada that lists New York as the "port of discharge." As set forth in greater detail below, that single shipment cannot confer jurisdiction over Peruvian Nature. This Court should grant Peruvian Nature's motion to dismiss and deny Revive's request for jurisdictional discovery.

## ARGUMENT

### I. PLAINTIFF'S SERVICE OF PROCESS IS INSUFFICIENT

The Moving Memorandum establishes that Plaintiff's affidavit of service filed with this Court (Temchin Dec., Ex. F., ECF Dkt. No. 51) reflecting its purported "personal service" of the summons and the SAC on Peruvian Nature in Peru through the assistant of Peruvian Nature's CEO is insufficient as a matter of law (Mov. Mem., pp. 5-8). Revive did not address, much less refute, this point in its opposition memorandum of law. In her opposition, Plaintiff does not even mention the affidavit of service and instead asserts that she has not formally served Peruvian Nature yet

[1] Capitalized terms used herein have the meanings ascribed to them in Peruvian Nature's moving memorandum of law, dated August 21, 2023 (the "Moving Memorandum" or "Mov. Mem.").

and those efforts are "ongoing." Plaintiff attempts to justify the affidavit of service by contending that she "served Peruvian Nature informally by personal service so that Peruvian Nature could be apprised" of the action. Contrary to Plaintiff's assertion, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that the defendant was properly served with the complaint." *Gunthorpes v. IM. Group, LLC*, 21-cv-5140 (ARR) (RML), 2023 WL 2607628, at *3 (E.D.N.Y. Mar. 23, 2023). There are contrary facts here that rebut the presumption of proper service based on the affidavit of service filed by Plaintiff, namely, that the method of service—delivery to Peruvian Nature's CEO's assistant in Peru—is not proper service under FRCP 4 as set forth in greater detail above. Accordingly, Plaintiff's service of the summons and SAC was improper and the SAC should be dismissed on that basis.

## II. THERE IS NO SPECIFIC JURISDICTION OVER PERUVIAN NATURE

### A. Peruvian Nature did not Transact Business in New York

The Silva Declaration confirms that Peruvian Nature has not transacted business in New York under CPLR § 302(a)(1). Plaintiff and Revive assert that Peruvian Nature has transacted business in New York on the basis of a single bill of lading of tara protein powder indicating New York as the "port of discharge" and an address in Canada as the "place of delivery/final destination." According to Plaintiff and Revive, this single shipment is sufficient to confer jurisdiction. They are not correct.

CPLR § 302(a)(1) states that as "to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary … who in person or through an agent … (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." Two requirements must be satisfied for a court to exercise personal jurisdiction over a defendant under this provision. *First*, the defendant must

have transacted business within New York or supplied goods to New York. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). *Second*, the claim asserted must "arise from" that business activity. *Id.*

With respect to the first prong, "transacting business" under CPLR § 302(a)(1) is defined as "purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Best Van Lines v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotations omitted). "To make this determination, courts look to the totality of the defendant's activities within the forum." *Id.* at 247 (quoting *Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors*, 510 F.2d 870, 873 (2d Cir. 1975) (citation and internal quotation marks omitted). To assess whether a defendant has "supplied goods" to New York sufficient to confer jurisdiction, courts generally consider: (a) whether the purchase orders and other documents provide for shipment to New York; (b) whether the defendant collected New York sales tax; (c) whether the defendant solicited the contract in New York; (d) whether the defendant entered New York for purposes of performing the contract; and (e) any other factor showing that the defendant voluntarily and purposefully availed itself of the privilege of doing business in New York. *Wickers v. Sportswear, Inc. v. Gentry Mills, Inc.*, 411 F. Supp. 2d 202, 210 (E.D.N.Y. 2006).

Peruvian Nature does not have sufficient contacts with New York to satisfy the "transacting business" or "supplying goods" standards. Other than Peruvian Nature's alleged single shipment of goods through New York to Canada, there are no allegations that Peruvian Nature had any other contact with New York, as confirmed by the Silva Declaration. There are no allegations that Peruvian Nature collected New York sales tax, solicited any contract, let alone its contract with Miski, in New York or entered New York for any purpose related to its contract with Miski.

Regarding the second prong, the Second Circuit has explained:

> New York courts have held that a claim "aris[es] from" a particular transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon," or when "there is a substantial relationship between the transaction and the claim asserted." A connection that is "merely coincidental" is insufficient to support jurisdiction. This inquiry is a fact-specific one, and when the connection between the parties' activities in New York and the claim crosses the line from "substantially related" to "mere coincidence" is not always self-evident.

*Sole Resort*, 450 F.3d at 103 (alteration in original; internal citations omitted). Thus, CPLR § 302(a)(1) is "typically invoked for a cause of action against a defendant who breaches a contract with plaintiff, or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983). "With respect to non-commercial torts, courts have often found the requisite connection between the cause of action and the business transaction lacking; thus they have held that such claims fail to satisfy the second prong of § 302(a)(1)." *Torres v. Monteli Travel, Inc.*, No. 09-CV-2714, 2011 WL 2670259, at *8 (E.D.N.Y. July 7, 2011).

In *Beacon Enterprises*, the Second Circuit examined the requirement of a "direct relation between the cause of action and the in-state conduct," noting it as "an important condition of acquiring jurisdiction over the non-domiciliary defendant" as it concerned a shipment of goods into New York in the context of a trademark infringement claim. *Beacon Enterprises, Inc.*, 715 F.2d at 764. The Court found that the defendant's "shipments of goods into New York are irrelevant to [the plaintiff's] declaratory judgment action and [plaintiff's] cause of action would exist regardless of whether [the defendant's] products were sent to New York." *Id.* at 765. Therefore, the Court reasoned, there was no "articulable nexus … much less a substantial relationship between [the defendant's] shipment of goods into New York and [the plaintiff's] cause of action. *Id.*, citing *McGowan v. Smith*, 52 N.Y.2d 268, 271, 437 N.Y.S.2d 643, 644 (1981) ("[i]n

addition to the shipment of goods into the State there must have been some purposeful activities within the State that would justify bringing the nondomiciliary before the New York courts") (internal quotations omitted); *see also* *Albino v. Global Equipment USA, Ltd.*, No. 6:14-cv-06519 (MAT), 2018 WL 3537060, at *4 (W.D.N.Y. July 23, 2018) (CPLR § 302(a)(1) "does not extend to nondomiciliaries who merely ship goods into the State without ever crossing its borders"); *Battista v. Flexi USA Inc.*, 12-cv-132, 2014 WL 12828973, at *3 (E.D.N.Y. June 30, 2014) (same); *Ivy Mar Co., Inc. v. C.R. Seasons Ltd.*, 1997 WL 37082, at *4 (E.D.N.Y. 1997) ("the mere shipment of goods into the State, without more, does not qualify as sufficient activity to establish jurisdiction").

As was the case in *Beacon Enterprises*, there is no direct relationship between Peruvian Nature's alleged shipment of goods to New York and Plaintiff's claims in the SAC. Her cause of action is based on issues relating to Revive's product, which her infant allegedly consumed in New York after Peruvian Nature's products were delivered to Miski ***in Canada***, which Miski then delivered to Revive somewhere. Because these products were delivered and re-delivered several times before ever reaching Plaintiff or her infant, the location of the "port of discharge" of Peruvian Nature's products is utterly irrelevant to Plaintiff's claims. Plaintiff and her infant would have suffered their injuries regardless of whether the "port of discharge" was New York or anywhere else in the world. There simply is no "direct relation" between Peruvian Nature's alleged shipment of goods to New York and Plaintiff's claim sufficient to confer long-arm jurisdiction under CPLR § 302(a)(1).

Thus, contrary to Plaintiff's contention on page 12 of its memorandum of law that "this act alone provides a solid basis for establishing personal jurisdiction over Peruvian Nature," there is no articulable nexus between the injuries that Plaintiff claims to have suffered and Peruvian

Nature's alleged shipment of goods to New York. Understanding that its argument is unavailing, Plaintiff proceeds to describe on pages 12-14 of its memorandum of law Peruvian Nature's alleged attempts to solicit and advertise in jurisdictions within the United States other than in New York, which is irrelevant to whether Peruvian Nature engaged in "purposeful activities within the State that would justify" jurisdiction or whether Plaintiff's claims "arise from" Peruvian Nature's alleged shipment to New York, as required by CPLR § 302(a)(1). Plaintiff's cited authority for this proposition is inapposite.[2] And there is no authority supporting Plaintiff's reliance on the Daily Harvest litigation—where there are no allegations or claims against Peruvian Nature and Peruvian Nature is not a party—to contend that because discovery in that lawsuit revealed information relevant to jurisdiction somehow justifies this Court exercising jurisdiction over Peruvian Nature in this action. Accordingly, there is no basis to exercise personal jurisdiction over Peruvian Nature under CPLR § 302(a)(1).

### B. There is no Jurisdiction Under CPLR § 302(a)(3)(ii)

Peruvian Nature established in the Moving Memorandum that there is no jurisdiction under CPLR § 302(a)(3)(ii) because there are no allegations that Peruvian Nature made any effort, directly or indirectly, to serve its tara protein powder product to the New York market (Mov. Mem., pp. 10-12). Plaintiff and Revive do not seriously challenge this point. After discussing how Plaintiff came to acquire Revive's product and how Plaintiff believes tara protein powder

---

[2] *See*, *e.g.*, *Alan Lupton Assoc. v. Northeast Plastics*, 105 A.D.2d 3 482 N.Y.S.2d 647 (4th Dep't 1984) (breach of contract case for unpaid commissions for sales of goods shipped to New York and the court did "not place total reliance, however, upon the single shipment of goods by defendant into New York to sustain jurisdiction in this case"); *Anderson Dev. Corp. v. Isoreg Corp.*, 154 A.D.2d 859, 546 N.Y.S.2d 720 (3d Dep't 1989) (unlike here, the plaintiff's cause of action arose out of its purchase of goods shipped to New York); *Baron Philippe de Rothschild, S.A. v. Paramount Distillers*, 923 F. Supp. 433, 436 (S.D.N.Y. 1996) (unlike here, the plaintiff's trademark infringement claim arose out of the shipment of defendant's goods to New York); *Chloe v. Queen Bee*, 616 F.3d 158, 167 (2d Cir. 2010) (unlike here, the defendant "had extensive business contacts with New York customers"); *EnviroCare Techs. LLC v. Simanovsky*, No. 11-CV-3458 (JS) (ETB), 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012) (unlike here, the plaintiff's trademark infringement claim arose out of the shipment of defendant's goods to New York).

ended up in Revive's product, Plaintiff states in conclusory fashion on page 18 of its memorandum of law that "Peruvian Nature expected or reasonably should have expected that its actions would have consequences in the State of New York," without offering any explanation as to why that would be the case. Peruvian Nature's exportation of products worldwide and to the United States generally does not mean that it should have "expected or reasonably should have expected" that its products would end up in New York. The Second Circuit in *Kernan v. Kurz-Hastings, Inc.*, 175 F.2d 236, 241 (2d Cir. 1999) makes clear that "simple likelihood or foreseeability" that a product "will find its way into New York" is not enough to confer jurisdiction—there must be some purposeful activity directed to New York that would make it be "objectively" reasonable to expect that the placement of a product into the stream of commerce would have consequences in New York.

There are no allegations here even suggesting that Peruvian Nature purposefully directed some action towards New York that would make it objectively reasonable to expect that the consequences of it placing tara protein powder into the stream of commerce would have an impact in New York. As the court in *Lombardi v. Staples, Inc.*, 15-cv-6158 (SJF) (AKT), 2016 WL 11509961, at *4 (E.D.N.Y. Dec. 15, 2016) stated, "[c]ourts have exercised § 302(a)(3)(ii) jurisdiction over out-of-state manufacturers based upon product sales to New York consumers through third-party distributors, but the parties asserting jurisdiction in those cases were able to point to exclusive distribution agreements … and/or other indicia of the out-of-state manufacturer's knowledge that its products were intended for New York consumers." There is no exclusive distribution agreement here and there are no allegations even suggesting that Peruvian Nature had knowledge that its products were intended for New York consumers. Plaintiff and Revive's allegations that Peruvian Nature markets its goods and exports its goods to

jurisdictions other than New York are irrelevant to this Court's jurisdictional inquiry. *Reers v. Deutche Bahn AG*, 320 F. Supp. 2d 140, 155 (S.D.N.Y. 2004) ("[c]onduct directed towards the United States … cannot subject a defendant to personal jurisdiction in a particular state"). Accordingly, there is no basis under CPLR § 302(a)(3)(iii) to confer jurisdiction over Peruvian Nature.

## III. THE EXERCISE OF JURISDICTION DOES NOT COMPORT WITH DUE PROCESS

Plaintiff does not allege and cannot establish facts demonstrating general or specific jurisdiction and therefore this Court need not address whether due process considerations allow for exercising personal jurisdiction over Peruvian Nature. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007) ("[i]f jurisdiction is statutorily impermissible, of course, we need not reach the question of constitutionality").

Plaintiff and Revive do not meaningfully assert that the exercise of jurisdiction over Peruvian Nature would comport with due process in any event. Revive's contention that Miski's alleged continuous and systematic contact with New York should be imputed to Peruvian Nature also is of no moment because there are no allegations that Peruvian Nature itself did anything directed towards the State of New York. *Paradise Products Corp. v. Allmark Equipment Co., Inc.*, 138 A.D.2d 470, 526 N.Y.S.2d 119 (2d Dep't 1988) (a seller's knowledge that its product may be destined for a particular forum is an insufficient basis for that forum to sustain jurisdiction over the seller). Revive's citation *State Farm Fire & Casualty Company v. Swizz Style, Inc.*, 246 F. Supp. 3d 880 (S.D.N.Y. 2017) is unavailing because, unlike here, the defendant had an exclusive distribution arrangement with a United States company and the defendant "was aware of and 'targeted' New York specifically." There are no such allegations here. Accordingly, the exercise of jurisdiction over Peruvian Nature does not comport with due process.

## IV. THERE IS NO BASIS TO CONDUCT JURISDICTIONAL DISCOVERY

Revive's request for jurisdictional discovery should be denied. Jurisdictional discovery is warranted only "where the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction ...'" Nixon v. Inquisitr Ltd., 20-CV-1819 (JS)(SIL), 2021 WL 3667154, at *6 (E.D.N.Y. Aug. 17, 2021) (denying jurisdictional discovery where plaintiff failed to provide factual basis to support the request) (citation omitted); *see also* A. W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011) (denying jurisdictional discovery where defendant provided all necessary facts regarding jurisdiction). Indeed, a "plaintiff cannot open the doors to discovery simply by filing a complaint replete with broad, conclusory, allegations about what might be, without providing any factual basis for those allegations or articulating how he came to formulate them. TO permit discovery in that situation turns the process on its head and would merely encourage the filing of complaints filled with 'guesses' disgusted as allegations." *Nixon*, 2021 WL 3667154, at *6. "District courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of [personal] jurisdiction." *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 159 (E.D.N.Y. 1996) (collecting cases).

But that is exactly what Plaintiff and Revive are doing here. There are ***no allegations*** in the SAC connecting Peruvian Nature to New York and, as set forth in the Moving Memorandum (Mov. Mem., pp. 11-12), allegations regarding Peruvian Nature's contacts with the United States generally are insufficient to confer jurisdiction in New York as a matter of law. And the mere allegation that Peruvian Nature's goods passed through New York on their way to Miski in Canada is not sufficient to confer jurisdiction in New York as set forth in greater detail above. Plaintiff's assertion that it received additional information in the Daily Harvest litigations—lawsuits in which Peruvian Nature is not a party and is not involved in whatsoever—is of no consequence as to

whether jurisdictional discovery should be ordered against Peruvian Nature in this action. All of the facts and answers concerning Peruvian Nature's contacts with New York are contained in the Silva Declaration and additional discovery will not uncover unknown facts or cure the deficiencies in the SAC.[3] Accordingly, the request for jurisdictional discovery should be denied.

## CONCLUSION

Peruvian Nature respectfully requests that this Court grant this motion and dismiss Peruvian Nature from this action. Peruvian Nature was not properly served in Peru and has no presence in New York sufficient to confer jurisdiction.

Dated: New York, New York
September 27, 2023

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant Peruvian Nature*

By: ______________________________
Andrew Krinsky
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Tel: 212-216-8000
Email: akrinsky@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

---

[3] Thus, the case law cited in Revive's opposition papers, where the defendant engaged in a concrete act in New York, is irrelevant. *Ye Olde Time Keepers, Inc. v. C.R. Martin Auctioneers, Inc.*, 2:17-cv-04377 (ADS) (ARL), 2018 WL 1832930, at *9 (E.D.N.Y. Apr. 17, 2018) (unlike here, the plaintiff had a "sufficient start" establish personal jurisdiction based on a specific allegation that the defendant "made a representation to the Plaintiff in New York to induce the Plaintiff to enter into a transaction"); *Ikeda v. J Sisters 57, Inc.*, No. 14-cv-3570 (ER), 2015 WL 4096255, at *8 (S.D.N.Y. July 6, 2015) (unlike here, the defendant had an exclusive sales relationship with a United States business, which in and of itself could serve as the basis for jurisdiction in New York) (emphasis added).