COZEN O'CONNOR

April 17, 2024

**Richard Fama**
Direct Phone 212-908-1229
Direct Fax 866-263-1334
rfama@cozen.com

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, New York 11201

Re: ***Lut v Revive Organics, Inc. et al*, No.: 1:24-cv-02260**
***Vuxton v. Revive Organics, Inc., et al*, No.: 1:24-cv-01544**

Dear Judge Chen:

We represent Defendant Revive Organics, Inc. ("Revive"), and write pursuant to Rule 3.A. of Your Honor's Individual Practice Rules to request a pre-motion conference regarding Revive's proposed motions to dismiss Plaintiffs' Complaints for lack of personal jurisdiction or, alternatively, under the doctrine of *forum non conveniens*.

The above referenced matters are two of several personal injury matters allegedly arising from the consumption of Revive's Mango & Pineapple Smoothies (the "Smoothies") that contained the ingredient tara protein which was sourced from co-defendant, Miski Organics Superfoods, Inc. ("Miski").

In these actions, Plaintiffs allege that they became ill after consuming the Smoothies. These actions were thereafter transferred to the Eastern District of New York and assigned to Your Honor.

However, this Court is not the proper forum for resolution of this matter for two reasons. First, this Court lacks personal jurisdiction over Revive. As a result, this matter should be dismissed as a matter of law. Second, even assuming, *arguendo*, that personal jurisdiction does exist, this Court should still decline to exercise jurisdiction over this action under the doctrine of *forum non conveniens*. Plaintiffs' claims should be litigated in the forum with the strongest connection to the events underlying these claims: Ontario, Canada.

***This Court Lacks Personal Jurisdiction Over Defendant Revive***

Under well-settled United States Supreme Court and Second Circuit precedent, a court's exercise of personal jurisdiction over a defendant will be proper *only* if there is "general" or "specific" personal jurisdiction over them. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). This Court has neither form of jurisdiction over Revive.

"General" jurisdiction over a corporate defendant is proper *only* where the corporation is incorporated, has its principal place of business, or has "continuous and systematic ties." *Daimler AG*, 571 U.S. at 137-39; *MTS Logistics, Inc. v. Innovative Commodities Grp., LLC*, 442 F. Supp. 3d 738, 754 (S.D.N.Y. 2020). Merely doing business in a state does not constitute a "continuous and systematic" tie thereto. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 412 (2017). Here, it is

---

undisputed that neither Revive, nor Miski is incorporated or has its principal place of business in New York. Instead, both companies are incorporated and headquartered in Ontario, Canada. Compl. ¶¶3, 5. Although Revive undoubtedly does business in New York (and many other states) by virtue of the fact that it ships its Smoothies and other products here, this fact alone is insufficient to subject it to the general jurisdiction of this Court.

"Specific" personal jurisdiction over a defendant is appropriate where the defendant has "sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *PDK Labs, Inc. v. Proactive Labs, Inc.*, 325 F. Supp. 2d 176, 181 (E.D.N.Y. 2004). Courts therefore consider: (1) the extent to which the defendant has "purposefully availed itself of the privilege of conducting activities in the State"; (2) whether the plaintiff's claims arise out of or relate to the defendant's "forum conduct"; and (3) whether the exercise of personal jurisdiction is "reasonable under the circumstances." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). Here, the mere fact that Revive placed its Smoothies into the "stream of commerce" by shipping them throughout the United States is not enough to establish "purposeful availment" to this New York forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980). Moreover, the conduct giving rise to this litigation—Revive's allegedly defective preparation, manufacture and distribution of its Smoothies—occurred in Canada, not New York. Finally, retention of jurisdiction here would be unreasonable because most of the relevant evidence and witnesses are located in Canada, whose courts can readily and effectively provide the Plaintiff with relief.

***This Action Should Be Dismissed Under the Doctrine of Forum Non Conveniens***

Dismissal under the doctrine of *forum non conveniens* will be appropriate where: (1) the plaintiffs' choice of forum merits little deference, (2) there is an adequate alternative forum for resolving the dispute, and (3) the public and private interest factors weigh in favor of dismissal. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65 (2d Cir. 2001). However, when a valid forum selection clause exists, deference to the plaintiffs' choice of forum will give way to a presumption in favor of the pre-selected forum, and the private interest factors will be automatically deemed to weigh in favor of dismissal. See *Fasano v. Yu Yu*, 921 F.3d 333, 335; *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 54 (2013).

Here, Plaintiffs and Revive entered into valid contracts containing a forum selection clause requiring that actions related to Plaintiffs' purchases of the Smoothies be litigated in Ontario, Canada. Forum selection clauses are valid where: (1) "the clause was reasonably communicated to the party resisting enforcement," (2) "the clause is mandatory," and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (internal citations and quotations omitted). Once this presumption is established, it can only be overcome by proving that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* The forum selection clause here was conspicuously presented to Plaintiffs on the "Checkout" screen of Revive's e-commerce website. That is, in order to purchase the Smoothies, Plaintiffs were required to acknowledge that they had read Revive's Terms of Use, which contained the forum selection clause. These Terms of Use were conspicuously hyperlinked on the page, and presented in an easily readable font. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834-35 (S.D.N.Y. 2012) (upholding a nearly identical forum selection clause). The clause was also mandatory, as it stated: "Any claim or dispute against [Revive]… **shall** be brought **exclusively** in the Courts of the Province of Ontario" and be "governed by the laws of the Province of Ontario, Canada" (emphasis added). Crucially, the parties and claims at issue are subject to this clause,

as Plaintiffs and Revive entered into the contractual agreement containing the forum selection clause, and Plaintiffs' claims ultimately arise from their contractual relationship with Revive (i.e., contracting to use Revive's website to purchase the Smoothies which allegedly caused their injuries). *See BMR & Assocs., LLP v. SFW Cap. Partners, LLC*, 92 F. Supp. 3d 128, 136 (S.D.N.Y. 2015). Lastly, there is absolutely no evidence that this agreement was the result of fraud or overreaching.

Because the forum selection clause is enforceable, the Court need only consider whether the public interest factors of a *forum non conveniens* analysis are met—which they are. But even assuming, *arguendo*, that the forum selection clause is not enforceable, a traditional, three-step *forum non conveniens* analysis *still* demonstrates the propriety of dismissal here.

First, the totality of the circumstances demonstrates that Plaintiffs' choice of forum merits very little deference, as the majority of the witnesses and evidence are located in Ontario, Canada, and Revive is amenable to suit in Canada. Second, Ontario, Canada is an adequate alternative forum in which to resolve this dispute, as Revive is amenable to service of process there, and Ontario courts routinely permit litigation of personal injury actions such as this one. Third and finally, the private and public interest factors weigh in favor of dismissal. The private factors—which consider the forums' connections to the action—strongly support dismissal, as the underlying conduct giving rise to Plaintiffs' claims occurred in Ontario, most of the key witnesses and evidence are located there, and the ability to compel attendance of unwilling witnesses is strongest in Canada. *See Iragorri*, 274 F.3d at 73-74. The public factors—which consider the law that will apply, the fairness of burdening a given population with jury duty, and administrative difficulties—also weigh in favor of dismissal. As Canadian law will apply, Canadian citizens have a strong interest in deciding cases involving corporations that operate within their borders, and this already-backlogged judicial system should not be further burdened by a case whose resolution is best suited for another judicial system. *Iragorri*, 274 F.3d at 74.

For the foregoing reasons, Revive respectfully requests that this Court hold a pre-motion conference to allow it to file a motion to dismiss Plaintiffs' Complaints for lack of personal jurisdiction or, alternatively, under the doctrine of *forum non conveniens*. Finally, because this is one of several similar matters recently transferred to this Court[1] and Revive anticipates that additional matters may soon be transferred as well, Revive respectfully suggests that the parties and the Court discuss coordination of the several motions to dismiss that Revive intends to file. Such coordination will promote efficiency and further judicial economy.

Sincerely,
COZEN O'CONNOR

/S/*RICHARD FAMA*

By: Richard Fama

cc: All counsel (Via ECF)

---

[1] The following matters have recently been transferred to this Court: *Lut v. Revive Organics, Inc., et al.*, No. 1:24-cv-02260; *Stevenson v. Revive Organics, Inc*., et al., No. 1:24-cv-01963; and *Vuxton v. Revive Organics, Inc., et al.*, No. 1:24-cv-01544. Revive plans to bring motions to dismiss on similar grounds in each of these cases. A motions to transfer and dismiss have also been filed in the United States District Court for the District of South Carolina in *Barber v. Revive Organics, Inc. et al.* No. 0:23-cv-05665-SAL. Those motions remain *sub judice*.