MARLER CLARK
THE FOOD SAFETY LAW FIRM

MARLER CLARK, INC., PS | THE STANDARD BUILDING | 1012 1st Avenue, Fifth Floor, Seattle, WA 98104-1008
TEL 1.206.346.1888 | FAX 1.206.346.1898 | EMAIL marler@marlerclark.com | WEB marlerclark.com

WILLIAM D. MARLER, ESQ.
WRITER'S DIRECT LINE: (206) 346-1890
BMARLER@MARLERCLARK.COM

April 24, 2024

**Sent Via ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, New York 11201

**Re: Defendant Revive Organics, Inc.'s Requests for Pre-Motion Conference in Lut v. Revive Organics, Inc., et al., No. 1:24-cv-02260; Stevenson v. Revive Organics, Inc., et al., No. 1:24-cv- 01963; Vuxton v. Revive Organics, Inc., et al., No. 1:24-cv-01544**

Dear Judge Chen:

Our firm, along with Paul Nunes (our local New York counsel), represent the Plaintiffs Ann Lut, Sonya Stevenson, and Emily Vuxton. As Your Honor is aware, our firm has transferred several related cases, including the three identified here, to the Eastern District of New York in an attempt to support judicial efficiency. Consistent with Your Honor's Civil Rule 3.A. and Order dated April 18, 2024, we submit this letter in response to the issues raised in Defendant Revive Organic, Inc.'s (hereinafter "Defendant" or "Revive") several letters to this Court requesting pre-motion conferences regarding motions to dismiss in these three cases.

The Plaintiffs are three individuals who were sickened in an international foodborne illness outbreak caused by the consumption of tara protein flour manufactured by Molinos, contained in Defendant's Mango and Pineapple Smoothies. As noted by Revive, the tara protein flour, sourced via Miski Organics Superfoods from the distributor Peruvian Nature, was shipped initially to New York and then onward to Ontario. It is undisputed that Revive's Mango and Pineapple Smoothie contained this tara protein flour. In fact, the illness cases resulting from the consumption of these smoothies prompted the Canadian Food Inspection Agency to issue a notice highlighting the illegality and hazards associated with including tara protein flour—an unassessed ingredient—in food products. Moreover, tara flour is the sole common ingredient between Revive's smoothies and Daily Harvest's French Leek and Lentil Crumbles which were linked to an outbreak of illnesses with symptoms identical to those described by victims of the Revive Smoothies outbreak.

Defendant claims that New York is not the proper forum for the three Plaintiffs' claims. However, New York is in fact the most appropriate venue to adjudicate not only these claims but also those of similarly situated plaintiffs whose cases are being (or may have already been)

transferred to this Court. This Court has specific personal jurisdiction over Revive for several reasons, and a proper analysis of Revive's Terms of Use and traditional *forum non conveniens* should only confirm that this Court must retain these cases.

**This Court Has Specific Personal Jurisdiction Over Revive.**

Defendant Revive has accurately stated that this Court does not have general personal jurisdiction over it, as it is neither headquartered nor incorporated in New York. However, this Court does have specific jurisdiction over Revive, as the law and assembled proof show that: (1) New York's long arm statute permits the exercise of jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause of the United States Constitution. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-164 (2d Cir. 2010).

New York's long arm statute permits the exercise of jurisdiction over Revive under both CPLR § 302(a)(1) and CPLR § 302(a)(3). Revive both transacted business in New York and caused harm in the state as a result of tortious activity out of the state as evidenced by Plaintiff Eletribi; the lead case under which all the Revive matters have been consolidated by this Court. Eletribi, a resident of New York, suffered injuries from food supplied by Revive to the state.

Thus, the application of specific personal jurisdiction turns on whether it would comport with Due Process and the traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985). To assert personal jurisdiction, a court must find that the Defendant has done "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359, 141 S. Ct. 1017, 1024–25, (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, (1958)). Additionally, Plaintiff's claims must arise out of or relate to the Defendant's in-state conduct. *Id* (internal citations omitted).

Here, Plaintiffs' counsel has transferred their related cases to New York to consolidate them with similar claims already before this Court. Plaintiffs' counsel represents five citizens of New York who were sickened in this outbreak. Defendant advertised to, collected data from, and continues to solicit business from and offer its food products to these New Yorkers, among numerous others. Revive did not merely send its products out into the stream of commerce but individually sold and shipped product directly to the homes of each individual plaintiff, including those in New York. It is clear that Revive has not only done repeated business with residents of New York, but that its business model suggests it is aware of the possibility, and should reasonably expect, that it might be called to account here, should its conduct cause harm as it has in this situation.

**These Actions Should Not be Dismissed Under the Doctrine of *Forum Non Conveniens*.**

Revive's argument for dismissal on *forum non conveniens* grounds is similarly flawed. First, Plaintiffs disagree as to whether Revive's forum selection clause is valid <u>and</u> enforceable.

Revive notes three factors in its letter showing validity of a forum selection clause, most notably that such a clause must be "reasonably communicated to the party resisting enforcement." *Martinez v. Bloomberg LP,* 740 F.3d 211, 217 (2d Cir. 2014). Here, the Terms of Use were lengthy and presented in a format that was not easy to read for some. Significantly, it did not present its forum selection clause (foregoing the protection of U.S. courts in favor of foreign country) until near the end of the form after several pages of unrelated content.

Further, the final factor for whether a forum selection clause is valid is whether enforcement would be unreasonable or unjust. *Id.* Plaintiffs represent to this Court that enforcement of the Terms of Use, and specifically the forum selection clause would be unreasonable and unjust. The terms of use, as written, were vague, and did not adequately convey to Plaintiffs that they applied to the purchase or consumption of food, but rather used language that indicated they applied only to the use of Revive's online services and app. Further, the forum selection clause itself is vague in construction in that it applies to "these Terms of Use, your use of the Services or the Materials or otherwise." "Services" and "Materials" are clearly defined terms, but do not include food products. Notably, while "products" are mentioned in the document with respect to use of Revive's online "services," nowhere in the document is the word "food" mentioned. As such, it is not clear to a user that the terms would apply to personal injury claims from a foodborne illness. Thus, for this and other reasons, application of the clause would be manifestly unjust.

Finally, a traditional *forum non conveniens* analysis does not favor Revive as its letter would have this Court believe. On several occasions, Second Circuit courts have held that a United States Plaintiff is entitled to great deference of its choice of a United States venue unless the Plaintiff's choice was motivated by forum shopping reasons. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Similarly, when weighing private and public factors, courts have counterbalanced the burden on a forum defendant corporation against the burdens that an individual with significantly fewer resources would face in litigating in a foreign country. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 107 (2d Cir. 2000).

Here, Plaintiffs are individuals who filed suit in their home venues and have transferred them to the Eastern District of New York for the convenience of all parties, and in the interest of judicial efficiency. Defendant is an international corporation who will not be unduly burdened by presenting some of its employees to testify. Importantly, the issue of whether Revive's product contained tara protein is not contested, and would not present an issue requiring physical evidence that needs to be transported. Rather, Plaintiffs would be burdened in having to present treating physicians and other experts in a foreign country instead of in a mutually convenient venue where several New York residents have related claims. Finally, this Court, and the United States have a vested interest in adjudicating these claims as they involve specific United States laws surrounding the import and sale of adulterated food products in the United States. As such, this Court should rightly reject Revive's *forum non conveniens* arguments.

For the reasons stated above, Plaintiffs ask that this Court reject Defendant's request for a pre-motion conference, and not allow a motion to dismiss their claims on these grounds.

Yours truly,

William D. Marler

WDM/km