WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

July 2, 2024

**Mathew Ross**
914.872.7487 (direct)
917.538.5664 (mobile)
Mathew.Ross@wilsonelser.com

**VIA ECF**

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Nadia Eletribi v. Revive Organics, Inc.
Docket No.: 22-cv-04362 (PKC) (SJB)
Our File No.: 11380.00423

Dear Judge Chen:

Our office represents Defendant, Miski Organics Superfoods, Inc. (hereinafter "Miski"), in the above-referenced matter. Pursuant to this Court's Order dated June 25, 2024, we write to respond to Plaintiff's letter[1] requesting the Court take judicial notice of ten (10) documents Plaintiff claims are related to the allegations in the consolidated complaint. Specifically, Miski objects and seeks a Court Order that declines to take judicial notice of these documents because Plaintiff's request is fundamentally flawed and would result in undue prejudice to Miski.

In his letter dated June 24, 2024, Mr. Marler requests this Court take judicial notice of the following ten items:

1. September 28, 2023, notice from the Canadian Food Inspection Agency ("CFIA") declaring tara flour a novel food not assessed for safety by Health Canada. [2]

2. Division 28 of Part B of Canada's Food and Drug Regulations. [Regulation.] Canada Food and Drug Regulations (C.R.C., c. 870)

[1] *See* ECF #95.

[2] Links to the referenced documents are accessible in Plaintiff's letter dated June 24, 2024. *See* ECF 95.

3. May 15, 2024, Constituent Update from U.S. Food and Drug Administration (FDA) declaring tara protein flour as an unapproved food additive that is not Generally Recognized As Safe ("GRAS")

4. April 10, 2024, FDA Memorandum detailing current regulatory status of tara protein flour.

5. 21 U.S. Code § 384a – Foreign supplier verification program.

6. 21 U.S. Code § 342 – Adulterated food.

7. 21 U.S. Code § 348 – Food additives.

8. 21 U.S. Code § 321(f) and § 321(s) – Definitions of "food" and "food additive".

9. FDA Guidance Document: "FSMA Final Rule on Foreign Supplier Verification Programs (FSVP) for Importers of Food for Humans and Animals"

10. FDA Guidance Document: "Understanding How the FDA Regulates Food Additives and GRAS Ingredients."

For the reasons articulated below, Miski requests the Court decline to take judicial notice of these documents.

A District Judge is provided with broad discretion to deny a request for judicial notice pursuant to Federal Rule of Evidence ("FRE") 201. *See United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir 1981); *see also Rodriguez v. Bear Stearns Companies*, Docket No. 07-cv-1816 (JCH), 2009 U.S. Dist. LEXIS 31525, at *34. The party requesting judicial notice bears the burden of persuading the Court that the fact is a proper matter for judicial notice. *See Citgo Petro. Corp. v. Starstone Ins., SE*, Docket No. :21-cv-389 (GHW), 2023 U.S. Dist. LEXIS 202463; *see also Charles A. Wright & Arthur A. Miller*, 21B Federal Practice & Procedure 5106.2 (2d ed. 2022) (noting "the burden of showing the accuracy lies on the proponent of notice."). Central to FRE 201 is the "notion that federal courts take judicial notice of facts, not documents." *See Citgo*, *supra* at *2; *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (noting Rule 201 is limited to adjudicative facts, not documents).

Applying the relevant case law dictates Plaintiff's requests for judicial notice are fundamentally flawed and should be denied. Notably, Plaintiffs' request fails to specify a single fact within any of the ten documents that they wish to have judicially noticed, the basis for which each document to be judicially noticed is sought, an explanation for how the fact is relevant to the claims asserted against Miski, or justification for why the fact is a proper matter for judicial notice. As such, this Court should adhere to the guidance from *Kramer* and decline to take judicial notice of the documents cited by Plaintiff as FRE 201 was intended to be limited to specific facts not documents.

Moreover, Courts should only take judicial notice of facts relevant to the matters before the court. *See Byrnes*, *supra* at 112. (affirming district court's refusal to take judicial notice of regulations

irrelevant to the litigation); *United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir 1998); *Anthes v. New York University*, Docket No. 17-cv-2511 (ALC) 2018 U.S. Dist. LEXIS 53762, at *12.

Here, as an initial matter, most of the documents Plaintiffs request be judicially noticed are entirely irrelevant to their claims against Miski. Notably, the third through tenth documents on Plaintiffs' list are guidance/commentary from the Food and Drug Administration ("FDA") or specific United States Codes. Plaintiffs' consolidated complaint admits that Miski is a Canadian company that is incorporated and headquartered in Ontario. *See* ECF 91, at ¶ 13. The consolidated complaint as well as Plaintiff's letter dated June 24, 2024, also acknowledges that Miski provided the tara flour to another Canadian corporation, Revive Organics, Inc.,[3] to be incorporated into Revive's Mango and Pineapple Smoothie. *See* ECF 91, at ¶ 15; *see also* ECF 95. Because Miski is a Canadian corporation that did not import a product into the United States it is not subject to the referenced FDA guidance or cited U.S. Code. Thus, the FDA guidance and U.S. Code are not relevant to the claims asserted against Miski and should not be judicially noticed. The first and second documents referenced by Plaintiffs' counsel are also irrelevant to the claims asserted against Miski as they deal with guidance from the Canadian Food Inspection Agency ("CFIA") and a Canadian regulation that have no bearing on Plaintiffs who allegedly became ill after eating Revive's food product in the United States. Because the documents are not relevant to Plaintiffs' claims against Miski, will not assist the finder of fact, and pose a substantial threat of undue prejudice to Miski by conflating potential obligations of other Defendants, the Court should decline to take judicial notice of these documents. *See Byrnes*, *supra* at 112; FRE 401; and FRE 403.

For the foregoing reasons, Miski respectfully requests the Court decline to take judicial notice of the regulations, codes, and guidance referenced in Plaintiff's letter dated June 24, 2024. If the Court would like to further discuss this matter, Miski can be available at the Court's convenience.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*Matthew P. Ross*

Mathew P. Ross

---

[3] Paragraph 11 of the Consolidated Complaint acknowledges that Revive is a Canadian citizen that has its headquarters and principal place of business located at 2650 Bristol Circle, Suite 500, Oakville, Ontario. *See* ECF 91, at ¶ 11.