COZEN O'CONNOR

July 2, 2024

**Emily M. Fulginiti**
Direct Phone 212-453-3974
Direct Fax 646-461-2049
efulginiti@cozen.com

**SENT VIA ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re: ***Nadia Eletribi, et al. v. Revive Organics, Inc., et al.***
**Case No.: 1:22-cv-04362-PKC-SJB**
**Revive Organics' Response to Plaintiff's Request for Limited Discovery**

Dear Judge Chen:

My firm represents Revive Organics, Inc. ("Revive") and this letter is sent in response to Plaintiffs' counsel's letter (ECF No. 96) requesting that the Court allow "limited" discovery based upon Revive's anticipated motion to dismiss for lack of personal jurisdiction and on *forum non-conveniens* grounds. While Revive does not entirely object to Plaintiffs' request[1], it objects to discovery that: (1) is not relevant to this Court's jurisdictional analysis; (2) is not relevant to Revive's anticipated forum *non conveniens* motion (specifically Revive's Terms of Use governing Plaintiffs' transactions); and, (3) is protected by the attorney-client privilege or work product doctrine, or constitutes information prepared in anticipation of litigation.

## I. INTERROGATORIES

Revive does not object to providing responses to Interrogatories **1, 7, 9, 10, 11, 12, 13, 14** and **15**. However, it objects to providing a response to Interrogatory **8**, but solely insofar as it seeks the discovery of information as to why Revive may not have enforced its Terms of Use with respect to other matters. Such a request clearly invades the attorney-client privilege and work product doctrine, and constitutes information prepared in anticipation of litigation. Finally, as explained further below, Revive objects to providing responses to Interrogatories **2, 3, 4, 5, 6, 16** and **17**:
**First**, Interrogatories **2** and **3** seek information regarding drafts of or changes made to Revive's Terms of Use, and "***why such drafts were rejected***" and "***why such changes were made.***" The only relevant Terms of Use to Revive's anticipated motion to dismiss are those governing the Plaintiffs' transaction. These Terms of Use do not vary from plaintiff to plaintiff—they are all the same. As a result, drafts of or changes to Revive's Terms of Use are wholly irrelevant to Revive's

[1] Plaintiffs have recently served on Revive a Second of Interrogatories (attached hereto as Exhibit A) and a Second Set of Requests for Production of documents (attached hereto as Exhibit B). Plaintiffs have also asked for a 30(b)(6) deposition of Revive, without indicating the specific topics to be covered at that deposition.

anticipated motion. Also, because Revive's Terms of Use were prepared by counsel, the reasons why alternative drafts were rejected and changes were made is necessarily protected by the attorney work product doctrine and constitute material prepared in anticipation of litigation. This is particularly so here since the provisions of the Terms of Use relevant to Revive's anticipated motion (*i.e.* the forum selection clause and choice of law provision) directly relate to anticipated litigation.

**Second**, Interrogatory **4** seeks information regarding the manner in which the Terms of Use were drafted. This information is irrelevant to issues germane to Revive's anticipated motion and is also shielded from disclosure based upon the attorney work product doctrine.

**Third**, Interrogatory **5** seeks information protected by the attorney-client privilege as it seeks "complaints or expressions of concern" raised by Revive's lawyers and insurers.

**Fourth**, Interrogatory **6** seeks information regarding "all legal opinions [Revive] considered and/or legal advice [it] received…concerning…[the] Terms of Use." This information is protected by the attorney-client privilege and the attorney work product doctrine.

**Fifth**, Interrogatories **16** and **17** seek sales information for Revive products that are ***not*** the subject of this lawsuit. As such, responsive information would be wholly irrelevant to the Court's analysis of Revive's anticipated motion. Courts are afforded "broad discretion" when determining whether to grant jurisdictional discovery. *In re Terrorist Attacks on Sept. 11, 2001,* 689 F. Supp. 2d 552, 566 (S.D.N.Y. 2010). However, this discretion is not unlimited. Instead, the Court must be "mindful of the need for relevance and proportionality; that is, the discovery permitted must be relevant and proportional to the current needs of the case." *See Carl v. Edwards*, No. 16-CV-03863 (ADS) (AKT), 2017 WL 4271443, at *9 (E.D.N.Y. Sept. 25, 2017) (the court has a "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case").

As a result, jurisdictional discovery should be limited to evidence that is directly relevant to the particular form of personal jurisdiction—either general and/or specific—asserted by the party seeking discovery. Here, Plaintiffs' counsel has already conceded that this Court does not have general jurisdiction over Revive. *See* ECF No. 87 ("Defendant Revive has accurately stated that this Court does not have general personal jurisdiction over it, as it is neither headquartered nor incorporated in New York."). Thus, the focus of Revive's motion to dismiss will necessarily be on whether the Court has specific jurisdiction over Revive. As the United States Supreme Court has made clear, the specific personal jurisdiction inquiry is concerned *solely* with the defendant's forum contacts that relate to the instant litigation. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 371 (2021). Revive's forum contact relating to this litigation is solely Revive's Mango & Pineapple Smoothies. Tara flour was not an ingredient in any other Revive product and none of the Plaintiffs' allege injury from any other Revive product. As such, discovery should be limited to sales of that product.

**II. REQUESTS FOR PRODUCTION**

During a call with Plaintiffs' counsel on June 24, 2024, he agreed that he would accept responses to Plaintiffs' Second Set of Interrogatories in lieu of responses to his Requests for Production. However, if this is not still the case, Revive objects to Plaintiffs' Requests for Production as they are not proportional to the needs of the case—particularly at this stage of the litigation—as they seek "***all documents related in any way***" to Revive's responses to Plaintiffs' Interrogatories. *See* Exhibit B. Revive submits that Plaintiffs' Interrogatories will provide ample information to illuminate the issues that will be raised in Revive's anticipated motion to dismiss.

**III. REQUEST FOR 30(b)(6) DEPOSITION OF REVIVE**

Moreover, Revive asks that Plaintiffs' request to conduct a rule 30(b)(6) deposition be denied as it would be unnecessarily duplicative of the written discovery that will be exchanged and not proportional to the needs of this case. To be sure, Plaintiffs have not articulated a single reason why their need for jurisdictional discovery will not be satisfied by responses to their interrogatories. As such, Revive respectfully requests that the Court deny Plaintiffs' request as unnecessarily duplicative. Finally, Revive joins in co-defendant Miski Organics' request that if the Court determines that 30(b)(6) depositions are required, such deposition be conducted in Canada pursuant to the applicable Canadian procedures.

For the foregoing reasons, Revive respectfully requests that the Court restrict Plaintiffs' jurisdictional discovery in accordance with the foregoing. We thank your Honor for her time and attention to this matter and are available to further address these issues at the Court's convenience.

Respectfully submitted,

COZEN O'CONNOR

Emily Fulginiti

By: Emily Fulginiti

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NADIA ELETRIBI, individually and on behalf of her minor child Z.G.; TONI BARBER, an individual; SHEILA BERNER, an individual; ALEXANDRA HOLUP, an individual; CARLY LUCERO, an individual; ANN LUT, an individual; JAMIE MADDEN, an individual; SONYA STEVENSON, an individual; and EMILY VUXTON, an individual;

Plaintiffs,

v.

REVIVE ORGANICS, INC. d/b/a Revive Superfoods, a Foreign Corporation; and MISKI ORGANICS SUPERFOODS, INC., a Foreign Corporation;

Defendants.

CASE NO.: 1:22-cv-04362-PKC-SJB

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT REVIVE ORGANICS, INC.**

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT REVIVE ORGANICS, INC.**

TO: Defendant REVIVE ORGANICS, INC., d/b/a "REVIVE SUPERFOODS," through its counsel. Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs request that the following interrogatories be answered under oath within thirty days (30) days of their service upon Defendant Revive Superfoods.

**GENERAL INSTRUCTIONS AND DEFINITIONS**

Plaintiffs hereby incorporate the general instructions and definitions set forth in their First Interrogatories to Defendant Revive Superfoods.

**INTERROGATORIES**

1. Identify the person(s) responsible from January 1, 2019, through the present, for creating your "Terms of Use" and specify their relevant position(s).

ANSWER:

2. Identify and describe all changes you made to your "Terms of Use" from January 1, 2019, through the present, when such changes were made, and why such changes were made.

ANSWER:

3. From January 1, 2019, through the present, identify and provide all drafts of your "Terms of Use" that were considered and subsequently rejected, including the reasons for their rejection.

ANSWER:

4. From January 1, 2019, through the present, state whether your "Terms of Use" were copied from or modeled after the Terms of Use or Terms of Service of any other entity. If so, identify the source and describe the extent of the copying or modeling.

ANSWER:

5. Identify all complaints or expressions of concern you received regarding the language used in your "Terms of Use," specifying the source (insurers, lawyers, employees, executives, customers, or any other parties) and the nature of the concern within the last five years.

ANSWER:

6. Identify and describe all legal opinions you considered and/or legal advice you received, prior to the subject outbreak, concerning the creation, usage, and scope of your "Terms of Use," especially in relation to personal injury claims by foreign individuals within the last five

years.

ANSWER:

7. State the number of times you have enforced or attempted to enforce the jurisdiction designation contained in your "Terms of Use" against a foreign customer. For each instance, describe the circumstances and indicate whether any involved a customer's claim for personal injury within the last five years.

ANSWER:

8. Identify any personal injury claims received from foreign customers that did not involve your smoothies. Indicate whether your "Terms of Use" were applied in each case and, if not, explain the reasons within the last five years.

ANSWER:

9. Describe any litigation (including arbitrations and mediations), past or present, concerning your "Terms of Use," including the nature of the disputes and the outcomes within the last five years.

ANSWER:

10. Provide the names, addresses, telephone numbers, and email addresses of all agents, brokers and importers of your Mango & Pineapple Smoothie into the United Sates within the last five years.

ANSWER:

11. State the date on which you began using tara as an ingredient in your Mango & Pineapple Smoothie and the date when its usage was discontinued within the last five years.

ANSWER:

12. State whether you used tara in any of your other products. If so, state the date on which you began using tara as an ingredient in those products and the date when its usage was discontinued within the last five years.

ANSWER:

13. State the total number of units of Mango & Pineapple Smoothie that were distributed and/or sold to consumers and provide information on the number of individuals who received these units, as well as the specific quantity of units sold within the last five years.

ANSWER:

14. State the total number of units of Mango & Pineapple Smoothie that were distributed and/or sold to consumers in the United States and provide information on the number of individuals who received these units in the United States, as well as the specific quantity of units sold within the last five years.

ANSWER:

15. State the total number of units of Mango & Pineapple Smoothie that were distributed and/or sold to consumers in the State of New York and provide information on the

number of individuals who received these units in the State of New York, as well as the specific quantity of units sold within the last five years.

ANSWER:

16. State the total number of units of all your products that were distributed and/or sold to consumers in the United States and provide information on the number of individuals who received these units in the United States, as well as the specific quantity of units sold within the last five years.

ANSWER:

17. State the total number of units of all your products that were distributed and/or sold to consumers in the State of New York and provide information on the number of individuals who received these units in the State of New York, as well as the specific quantity of units sold within the last five years.

ANSWER:

DATED this 8th day of June 2024.

Respectfully Submitted,

*/s/ Paul V. Nunes*__________
Paul V. Nunes
Heisman Nunes & Hull LLP
69 Cascade Drive, Suite 102
Rochester, NY 14614
Phone: (585) 270 -6201

*/s/ William D. Marler*______
William D. Marler

(admitted *pro hac vice*)
Marler Clark LLP PS
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Telephone: (206) 346-1888
Facsimile: (206) 346-1898
Email: bmarler@marlerclark.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing is being sent electronically to all counsel of record for this case on June 8, 2024.

**For Miski Organics:**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Bryan T. Vannini
Joseph C. Baiocco
1010 Washington Blvd
Stamford, CT 06901
Telephone: (203) 338-2381
bryan.vannini@wilsonelser.com
joseph.baiocco@wilsonelser.com

**For Revive Organics:**

**COZEN O'CONNOR**
Richard Fama
Joel M. Maxwell
3WTC, 175 Greenwich Street 10007
New York NY 10006
Tel: 212-908-1229
rfama@cozen.com
jmaxwell@cozen.com

/s/ Julie Gallichotte
Julie Gallichotte

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NADIA ELETRIBI, individually and on behalf of her minor child Z.G.; TONI BARBER, an individual; SHEILA BERNER, an individual; ALEXANDRA HOLUP, an individual; CARLY LUCERO, an individual; ANN LUT, an individual; JAMIE MADDEN, an individual; SONYA STEVENSON, an individual; and EMILY VUXTON, an individual;

Plaintiffs,

v.

REVIVE ORGANICS, INC. d/b/a Revive Superfoods, a Foreign Corporation; and MISKI ORGANICS SUPERFOODS, INC., a Foreign Corporation;

Defendants.

CASE NO.: 1:22-cv-04362-PKC-SJB

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT REVIVE ORGANICS, INC.**

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT REVIVE ORGANICS, INC.**

TO: Defendant REVIVE ORGANICS, INC., d/b/a "REVIVE SUPERFOODS," through its counsel. Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that the following interrogatories be answered under oath within thirty days (30) days of their service upon Defendant Revive Superfoods.

**GENERAL INSTRUCTIONS AND DEFINITIONS**

Plaintiffs hereby incorporate the general instructions and definitions set forth in their First Requests for Production to Defendant Revive Superfoods.

**REQUESTS FOR PRODUCTION**

1. Produce all documents related in any way to your response to Interrogatory No. 1 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

2. Produce all documents related in any way to your response to Interrogatory No. 2 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

3. Produce all documents related in any way to your response to Interrogatory No. 3 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

4. Produce all documents related in any way to your response to Interrogatory No. 4 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

5. Produce all documents related in any way to your response to Interrogatory No. 5 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

6. Produce all documents related in any way to your response to Interrogatory No. 6 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

7. Produce all documents related in any way to your response to Interrogatory No. 7 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

8. Produce all documents related in any way to your response to Interrogatory No. 8 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

9. Produce all documents related in any way to your response to Interrogatory No. 9 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

10. Produce all documents related in any way to your response to Interrogatory No. 10 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

11. Produce all documents related in any way to your response to Interrogatory No. 11 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

12. Produce all documents related in any way to your response to Interrogatory No. 12 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

13. Produce all documents related in any way to your response to Interrogatory No. 13 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

14. Produce all documents related in any way to your response to Interrogatory No. 14 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

15. Produce all documents related in any way to your response to Interrogatory No. 15 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

16. Produce all documents related in any way to your response to Interrogatory No. 16 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

17. Produce all documents related in any way to your response to Interrogatory No. 17 to Plaintiff's Second Set of Interrogatories to Defendant Revive Superfoods.

RESPONSE:

DATED this 8th day of June 2024.

Respectfully Submitted,

*/s/ Paul V. Nunes*_________
Paul V. Nunes
Heisman Nunes & Hull LLP
69 Cascade Drive, Suite 102
Rochester, NY 14614
Phone: (585) 270 -6201

*/s/ William D. Marler*______
William D. Marler
(admitted *pro hac vice*)
Marler Clark LLP PS
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Telephone: (206) 346-1888
Facsimile: (206) 346-1898
Email: bmarler@marlerclark.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing is being sent electronically to all counsel of record for this case on June 8, 2024.

**For Miski Organics:**

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Bryan T. Vannini
Joseph C. Baiocco
1010 Washington Blvd
Stamford, CT 06901
Telephone: (203) 338-2381
bryan.vannini@wilsonelser.com
joseph.baiocco@wilsonelser.com

**For Revive Organics:**

**COZEN O'CONNOR**
Richard Fama
Joel M. Maxwell
3WTC, 175 Greenwich Street 10007
New York NY 10006
Tel: 212-908-1229
rfama@cozen.com
jmaxwell@cozen.com

/s/ Julie Gallichotte
Julie Gallichotte