COZEN O'CONNOR

July 2, 2024

**Emily M. Fulginiti**
Direct Phone 212-453-3974
Direct Fax 646-461-2049
efulginiti@cozen.com

**SENT VIA ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re: ***Nadia Eletribi, et al. v. Revive Organics, Inc., et al.***
**Case No.: 1:22-cv-04362-PKC-SJB**
**Revive Organics' Response to Plaintiffs' Request for Judicial Notice pursuant to Federal Rule of Evidence 201**

Dear Judge Chen:

Our office represents Defendant Revive Organics, Inc. (Revive"), in the above-referenced matter. Pursuant to this Court's Order, dated June 25, 2024, we write to respond to Plaintiffs' letter, dated June 24, 2024 (the "Letter")[1] requesting the Court take judicial notice of ten (10) documents Plaintiffs claims are related to the allegations in the Consolidated Complaint. Specifically, the Letter requests that this Court take judicial notice of "certain public documents, consisting of statutes, regulations, and publications of the U.S. Food and Drug Administration (FDA) and the Canadian Food Inspection Agency (CFIA)" pursuant to Federal Rule of Evidence 201. Plaintiffs' counsel identifies the ten (10) total documents for which they seek judicial notice as follows:

1. September 28, 2023, notice from the Canadian Food Inspection Agency ("CFIA") declaring tara flour a novel food not assessed for safety by Health Canada. [Governmental publication.]
2. Division 28 of Part B of Canada's Food and Drug Regulations. [Regulation.] Canada Food and Drug Regulations (C.R.C., c. 870).
3. May 15, 2024, Constituent Update from U.S. Food and Drug Administration (FDA) declaring tara protein flour as an unapproved food additive that is not Generally Recognized As Safe ("GRAS"). [Governmental publication.]
4. April 10, 2024, FDA Memorandum detailing current regulatory status of tara protein flour. [Governmental publication.]
5. 21 U.S. Code § 384a – Foreign supplier verification program. [Statute.]
6. 21 U.S. Code § 342 – Adulterated food. [Statute.]
7. 21 U.S. Code § 348 – Food additives. [Statute.]
8. 21 U.S. Code § 321(f) and § 321(s) – Definitions of "food" and "food additive". [Statute.]
9. FDA Guidance Document: "FSMA Final Rule on Foreign Supplier Verification Programs (FSVP) for Importers of Food for Humans and Animals" [Governmental publication.]

[1] See the Letter, ECF No. 95.

10. FDA Guidance Document: "Understanding How the FDA Regulates Food Additives and GRAS Ingredients." [Governmental publication.]

For the reasons set forth below, Revive respectfully requests that this Court decline to take judicial notice of the above-listed documents. To grant Plaintiffs' request would contravene the text and spirit of Federal Rule of Evidence ("FRE") 201.

**Court Discretion Pursuant to Federal Rule of Evidence 201**

A District Judge is provided with broad discretion to deny a request for judicial notice pursuant to FRE 201. See *United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981). Under FRE 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If a party requests judicial notice of a fact "**and the court is supplied with the necessary information**," then the court "must take judicial notice" of that fact. Fed. R. Evid. 201(c) (emphasis added).

"Central to Rule 201...is the notion that **federal courts take judicial notice of facts, not documents**." *Citgo Petroleum Corp. v. Starstone Ins. SE*, No. 1:21-CV-389-GHW, 2023 WL 7547441, at *1 (S.D.N.Y. Nov. 10, 2023) (quoting *In re Manning*, 620 B.R. 199, 207 (W.D.N.Y. 2020) (emphasis added). The party requesting judicial notice bears the burden of persuading the Court that **the fact** is a proper matter for judicial notice. *Id*. (noting "the burden of showing the accuracy lies on the proponent of notice."). Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Moroughan v. Cnty. of Suffolk*, 514 F. Supp. 3d 479, 513 (E.D.N.Y. 2021) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

Even where documents are judicially noticed, the document "may only be considered for the limited purpose of showing that a particular statement was made by a particular person" and not "for the truth of the matters purportedly contained within those documents." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (quoting *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991)). If a court were to consider and judicially notice documents for their truth, it would be, in essence, authorizing a trial by public documents, impermissibly expanding the scope of a Rule 12(b)(6) motion. *See In Re Viropharma, Inc.*, 2003 WL 1824914 (E.D. Pa. 2003).

**Plaintiffs' Letter Request for Judicial Notice Should be Denied Pursuant to FRE 201**

As an initial matter, the Letter does not identify a single specific fact for judicial notice as required by FRE 201 and the applicable case law in the Second Circuit. For this reason alone, the Letter is deficient on its face and the respective requests for judicial notice should be denied. The specific issues with each document Plaintiff requests this Court to take judicial notice of are discussed in turn below.

First, the September 28, 2023 Notice from the Canadian Food Inspection Agency ("CFIA") and Division 28 of Part B of Canada's Food and Drug Regulations are outside of this Court's jurisdiction, especially in the context of FRE 201. As stated above, a District Court is only permitted to take judicial notice of facts "generally known within the trial court's territorial jurisdiction" or whose accuracy "cannot be reasonably questioned." CFIA Notices and Canadian regulations are certainly outside of this Court's territorial jurisdiction. Further, the accuracy of the

contents of these foreign materials can be questioned as the Letter did not provide any "necessary information" (as required by FRE 201), or any information at all for that matter, to support the accuracy or reliability of such documents.

Second, the Letter fails to articulate the specific information it requests the Court to take judicial notice of in the May 15, 2024 Constituent Update from the U.S. Food and Drug Administration ("FDA") and April 10, 2024 FDA Memorandum. In the instance that Plaintiffs' counsel seeks the Court take judicial notice of these documents in their entirety, Plaintiffs' counsel *again* fails to provide the Court and Defendants with notice as to whether he seeks judicial notice of these documents for their existence or for the truth of the matter asserted.

Regardless, Second Circuit case law has made clear that even if a District Court takes judicial notice of the existence of a document, it is not to take judicial notice of the document for the truth of the matter asserted. If it were to do so in this instance, the Court would have to take judicial notice of the FDA's statement in its April 10, 2024 FDA Memorandum that "no conclusions have been reached by the FDA regarding the cause of the illnesses, and no ingredient has been definitively determined to be the source." The Court would also be obliged to take judicial notice of the FDA's statement in its May 15, 2024 Constituent Update that "[t]o date, the FDA has found no evidence that tara flour caused the outbreak…" Of note, the FDA's May 15, 2024 update does not even mention Revive.

Nonetheless, while courts can take judicial notice of publicly available websites, they cannot take judicial notice of the truth of the matter asserted.

Finally, the Letter fails to detail the specific facts within the FDA Guidance Documents it requests to be judicially noticed. The FDA makes clear that: "*Guidance documents represent FDA's current thinking on a topic. They do not create or confer any rights for or on any person and do not operate to bind FDA or the public. You can use an alternative approach if the approach satisfies the requirements of the applicable statutes and regulations*."[2] These FDA Guidance Documents contain a myriad of facts concerning the "FDA's current thinking" and Plaintiffs' counsel makes no effort to provide this Court or Defendants with any notice as to what facts he requests this Court to take judicial notice of or information to suggest that FDA's current thinking cannot be reasonably questioned.

For the foregoing reasons, Revive respectfully requests that this Court decline Plaintiffs' request to take judicial notice of the documents referenced in the Letter. Should the Court wish to discuss this matter further, Revive is available at the Court's convenience.

Sincerely,
COZEN O'CONNOR

Emily Fulginiti

By: Emily Fulginiti

[2] U.S. Food & Drug Administration, Guidance & Regulation (Food and Dietary Supplements) (last visited July 2, 2024), https://www.fda.gov/food/guidance-regulation-food-and-dietary-supplements.