MARLER CLARK
THE FOOD SAFETY LAW FIRM

MARLER CLARK, INC., PS | THE STANDARD BUILDING | 1012 1st Avenue, Fifth Floor, Seattle, WA 98104-1008
TEL 1.206.346.1888 | FAX 1.206.346.1898 | EMAIL marler@marlerclark.com | WEB marlerclark.com

**WILLIAM D. MARLER**
**WRITER'S DIRECT LINE**
**(206) 346-1890**
BMARLER@MARLERCLARK.COM

July 3, 2024

**SENT VIA ECF**

Hon. Pamela K. Chen, District Judge
United States District Court
New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: NADIA ELETRIBI, individually and on behalf of her minor child Z.G. *et al.*, Case No.: 1:22-cv-04362-PKC-SJB**
**Request for Judicial Notice pursuant to FRE 201**

Dear Judge Chen:

I write in response to Defendants Miski and Revive's letters dated July 2, 2024, opposing Plaintiffs' request for the Court to take judicial notice of ten publicly available documents pursuant to Federal Rule of Evidence 201.

Despite the defendants' attempts to mischaracterize the law on judicial notice, the legal precedent is clear. Under Rule 201(b)(2), courts regularly take judicial notice of agency documents on official websites, governmental publications, statutes, regulations, and decisions and orders issued by other courts, because these documents are publicly available, and their accuracy cannot reasonably be questioned. *See Gordon v. Target Corp.*, No. 20 Civ. 9589, 2022 U.S. Dist. LEXIS 48769, 2022 WL 836773, at *5 (S.D.N.Y. Mar. 18, 2022) (taking judicial note of FDA guidance documents); *Simeone v. T. Marzetti Co.*, 2023 U.S. Dist. LEXIS 53148 (S.D.N.Y. Mar. 28, 2023) (collecting cases taking judicial notice of FDA documents); *Christman v. Skinner*, 468 F.2d 723 (2d Cir. 1972). "But they must do so to determine what statements the documents contained . . . and not for the truth of the matters asserted in the documents." *Lewis v. M&T Bank*, No. 21-933, 2022 U.S. App. LEXIS 6596, 2022 WL 775758, at *1 (2d Cir. Mar. 15, 2022).

Our purpose in requesting judicial notice of these documents was to establish that such publications occurred, thereby providing the Court with additional context regarding Plaintiffs' allegations, not to have their content admitted as true. While our request for judicial notice of adjudicative facts was forthcoming, the defendants' uncharacteristically harsh, and oftentimes factually incorrect, response merits a formal reply and compels us to make these additional requests at this time.

Miski argues that this Court should not take judicial notice of U.S. law because it is a Canadian company and should also forgo taking notice of Canadian law because Plaintiffs consumed Revive's contaminated smoothies within the United States. This begs the question, does Miski believe it is subject to any country's laws?

Miski may be a Canadian company, but the limited discovery provided by the defense to date shows that, while illegally importing tara flour (a novel and unapproved food ingredient) into Canada, Miski shipped the flour through the State of New York. Compl. ¶ 33. Section 415 of the Food Drug & Cosmetic Act (21 U.S.C. § 350d) requires domestic and foreign facilities that manufacture, process, pack, or hold food for human or animal consumption in the United States to register with the FDA. Compl. ¶ 34. Likewise, Revive may be a Canadian company but it registered with the FDA, was publicly identified by the FDA as a participant in its Foreign Supplier Verification Programs (FSVP) during the outbreak period, and is therefore subject to the FDA's rules and regulations. Compl. ¶ 35-36.

Revive argues that this Court cannot take judicial notice of Canadian regulations and governmental publications. But New York law explicitly provides that, "[u]pon request of a party, a court may take judicial notice of federal, state and foreign government acts, resolutions, ordinances and regulations, including those of their officers, agencies and governmental subdivisions." *Kingsbrook Jewish Med. Ctr. v. Allstate Ins. Co.*, 61 A.D.3d 13, 20, 871 N.Y.S.2d 680 (2d Dept. 2009) (discussing CPLR 4511). "While the concept of judicial notice is elastic . . . and applicable to a wide range of subject matter, official promulgations of government appear to be particularly appropriate for judicial notice, given the manner CPLR 4511 expressly singles them out for such treatment." *Id.*

The documents Plaintiffs seek judicial notice of are publicly available and promulgated by two separate governments. They demonstrate that both U.S. and Canadian governments have declared tara flour an illegally imported food ingredient. In addition to our request for judicial notice of these ten documents, we further request that the Court take notice of the following provisions pursuant to FRE 201:

- 21 U.S. Code § 331 – Prohibited Acts. [Statute.] Available at: https://www.govinfo.gov/app/details/USCODE-2023-title21/USCODE-2023-title21-chap9-subchapIII-sec331
- 21 U.S. Code § 333 – Penalties. [Statute.] Available at: https://www.govinfo.gov/app/details/USCODE-2023-title21/USCODE-2023-title21-chap9-subchapIII-sec333 .

Plaintiffs also respectfully ask the Court to judicially notice the following adjudicative facts. "When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts. Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses." Advisory Committee's Notes to FRE 201 (citing

Administrative Law Treatise 353). Courts are permitted to go beyond the information provided by the parties to determine if a fact is the proper subject of judicial notice. Charles A. Wright & Arthur A. Miller, 21B Federal Practice & Procedure § 5108 (2d ed. 2022). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FRE 201(c)(2).

| FACT NO. | STATEMENT OF FACT | AUTHORITY |
|---|---|---|
| 1 | Under the Federal Food, Drug, and Cosmetic (FD&C) Act, any substance used or intended for use in food must be authorized by FDA for use as a food additive unless the use of that substance is generally recognized as safe (GRAS) by qualified experts, or meets a listed exception to the food additive definition in the Act. | Sections 201(s) and 409 of the FD&C Act; 21 U.S.C. 321(s) and 348. FDA, "Post-market Determinations that the Use of a Substance is Not GRAS". FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 2 | Importers have a duty to verify that any food or food ingredient they import into the United States is not adulterated. | FDA, "FSMA Final Rule on Foreign Supplier Verification Programs (FSVP) for Importers of Food for Humans Animals". |
| 3 | Manufacturers who are considering using tara protein flour as an ingredient in food are responsible for ensuring that its use is safe and lawful; they also have the option of obtaining a free consultation with FDA. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 4 | Tara protein flour is an unapproved food additive. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 5 | Tara protein flour, as a food additive, is not GRAS. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 6 | Tara protein flour does not meet a listed exception to the food additive definition of the FD&C Act. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 7 | An unapproved food additive is deemed to be unsafe under the FD&C Act. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 8 | There is no food additive regulation authorizing the use of tara protein flour in food. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |
| 9 | Uses of food ingredients that are not GRAS, not authorized as food additives, and not excepted from the FD&C Act's food additive definition are unapproved food additives. | FDA, "FDA Update on the Post-market Assessment of Tara Flour". |

| | | |
|---|---|---|
| 10 | Food that is, or contains, an unsafe food additive is considered adulterated. | Section 402(a)(2)(C) of the FD&C Act; 21 U.S.C. 342(a)(2)(C). FDA, "Post-market Determinations that the Use of a Substance is Not GRAS". FDA, "FDA Update on the Post-market Assessment of Tara Flour". |

Since counsel for Revive and Miski asked, all the above adjudicative facts constitute a portion of the unique facts of this case. They are outside of any reasonable controversy and possess the high degree of indisputability that is the essential prerequisite for judicial notice under Rule 201. By granting such requests, the issues in this case will be significantly streamlined, thereby resulting in a more efficient and speedy administration of justice.

The relevance of this facts we believe are self-evident. At the same time, if the court requires, we stand ready to explain why each of these facts are relevant to plaintiffs' claims against Revive and Miski.

Respectfully Submitted,

**MARLER CLARK, INC., PS**

By: /s/ William D. Marler
William D. Marler, Esq. (admitted *pro hac vice*)
180 Olympic Drive SE
Bainbridge Island, WA 98110
Telephone: (206) 346-1888
bmarler@marlerclark.com

**HEISMAN NUNES & HULL LLP**

By: /s/ Paul V. Nunes
Paul V. Nunes, Esq.
Bar No.: PN2853
1630 Empire Blvd, Suite 3B
Webster New York 14580
Telephone: (585) 270-6922
pnunes@hnhattorneys.com

*Attorneys for the Plaintiffs*

WDM/km
cc: Via ECF